CASE 113—ACTION TO RECOVER VALUE OF HORSE ALLEGED TO HAVE BEEN KILLED BY TRAIN—FEB. 13.

# Louisville & N. R. R. Co. v. Kice.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. AFFIRMED.

RAILROADS—KILLING OF HORSE BY TRAIN—JOINDER OF ACTIONS—ELECTION—CONSTITUTIONALITY OF STATUTE—EVIDENCE OF PEDIGREE OF HORSE.

Held: 1. Under Kentucky Statutes, section 809, providing that "if, by the locomotive or cars of any company, cattle shall be killed or injured on the track of said road adjoining the lands belonging to or in the occupation of the owner of such cattle, who has not received compensation for fencing said land along said road, the loss shall be divided between the railroad company and the owner of such cattle; but in every case where the cattle are killed or injured by negligence or carelessness of the agents or servants of the company, it shall pay full damages for such killing or injury,"—where plaintiff sought by his original petition to recover the full value of a horse alleged to have been neg-

Louisville & N. R. R. Co. v. Kice.

ligently killed by one of defendant's trains, an amended peti-
tion alleging that plaintiff had not received compensation for
fencing his land along the railroad, and asking that, if he could
not be allowed the full value of the horse, he have judgment for
one-half of that amount, did not state a separate cause of action;
therefore the court properly refused to require plaintiff to elect.

2. The fact that the statute makes railroad companies liable in cer-
tain cases, regardless of negligence, does not render it uncon-
stitutional.

3. Evidence as to pedigree of a horse, as shown by the American
stud books, is admissible on the question of value.

It is the duty of the servants in charge of a train to keep a look-
out for animals upon the track, and, after they are discovered,
to use all reasonable precautions, consistent with the safety
of the train, to avoid injuring them.

LYTTLETON COOKE, FOR APPELLANT.

1. The collision between appellant's engine and appellee's horse
occurred in the night and while it was very dark.

2. The statements of appellant's employes in charge of the train,
and the physical facts demonstrate that the accident was ab-
solutely unavoidable, and the peremptory instruction asked by
appellant should have been given by the trial court.

3. The evidence as to the pedigree of the horse was incompetent as
that question was not in issue.

4. Instructions Nos. 1 and 2, given to the jury by the court on its
own motion, are erroneous.

5. The verdict is flagrantly excessive and manifestly the result of
passion or prejudice, and amounts to spoliation.

### POINTS AND AUTHORITIES CITED.

Cause of action set up in amended petition barred by statute
of limitation.    Mortimer v. L. & N. R. R. Co., 10 Bush, 486;
L. & N. R. R. Co. v. Williams, 20 Ky. Law Rep., 77.

Statute of limitation may be taken advantage of by demurrer.
Stillwell v. Levy, &c., 84 Ky., 389; Kendall v. United States,
107 U. S., 123; Am. & Eng. Enc. of Law, vol. 13, pp. 769-70; State
v. Spencer, 79 Mo., 314.

So much of section 809 of the Kentucky Statutes as declares
railroad companies responsible for the killing of live stock,
regardless of the question of negligence unconstitutional.    14th
Amendment of the Const. of U. S.; clause 17, sec. 59, Const. of
Ky.; Rio Grande Ry. Co. v. Outcalt, 31 Pac. Rep., 177.

The evidence introduced in respect to the pedigree of appel-
lee's horse irrelevant and incompetent.    1 Greenleaf on Evidence,

sec. 497 (15th ed.), pp. 644-45; N. N. & M. V. Ry. Co. v. Simcoe, 14 Ky. Law Rep., 526; State v. Brown, 4 R. I., 528; Baldwin v. Bricker, 86 Ind., 221; Spalding v. Hedges, 2 Penn. St., 240; Whelan v. Lynch, 60 N. Y., 474; Whitney v. Thatcher, 117 Mass., 527; Chaffee v. United States, 18 Wallace, 541; Wharton on Evidence, secs. 674-5; L. & N. R. R. Co. v. Belcher, 89 Ky., 193.

When railroad company's train employes testify that the killing of the animal was unavoidable and are unimpeached, verdict must be for the defendant. Brown v. L. & N. R. R. Co., 13 Bush, 475; Ky. Cent. R. R. Co. v. Talbot, 78 Ky., 621; Chicago, &c., R. R. Co. v. Lamkin, 5 Ky. Law Rep., 862; L. & N. R. R. Co. v. Roundtree, 4 Ky. Law Rep., 447; L. C. & L. R. Co. v. Bates, 5 Ky. Law Rep., 862; Grundy v. L. & N. R. R. Co., 8 Ky. Law Rep., 689; N. N. & M. V. Ry. Co. v. Holland, 15 Law Rep., 238; Bell v. Louisville, &c., R. Co., 15 Ky. Law Rep., 335; Melton v. N. N. & M. V. R. Co., 15 Law Rep., 781; Ky. Cent. R. Co. v. Prewitt, 9 Law Rep., 723; L. & N. R. R. Co. v. Carroll, 15 Law Rep., 268; McGhee, &c., Receivers, v. Gaines, 17 Law Rep., 748; McGhee, &c., v. Guyn, 17 Law Rep., 794; Beattyville & Cumberland Gap R. Co. v. Maloney, 20 Law Rep., 1541; C. N. O. & T. P. R. Co. v. Graves, 9 Ky. Law Rep., 535; Younger v. L. & N. R. R. Co., 19 Ky. Law Rep., 506.

GARDNER & MOXLEY, ATTORNEYS FOR APPELLEE.

This is an appeal from a judgment of one thousand dollars against the Louisville & Nashville Railroad Company for the negligent killing of a horse, the action being brought under section 809 of the Kentucky Statutes.

The grounds for reversal are, as we gather them from the appellant's brief,

First, That the plaintiffs stated two different causes of action, and they should have been required to elect between them—this we deny;

Second, That limitation had run against one of these causes of action—this we deny;

Third, That part of section 809 of the Kentucky Statutes is unconstitutional—this we deny;

Fourth, That there was no evidence to support the verdict—this we deny;

Fifth, That irrelevant testimony was admitted—this we deny;

Sixth, That the employes of the railroad company made out a complete defense—this we deny.

Seventh, and lastly, That the verdict was rendered by nine jurors only—this we admit.

Louisville & N. R. R. Co. v. Kice.

Our contention is:

1. The evidence conclusively shows that the horse was killed by appellant's train.

2. The killing being established, the burden is on the appellant to show that it was not done by its negligence, and this the appellant failed to show.

3. The value of the horse was proven to be greater than the sum found by the jury.

4. Evidence as to the pedigree of the horse was competent to show his value.

5. There was but one cause of action stated in the petition.

6. The action was not barred by limitation.

7. There was no error in the instructions of the court given to the jury prejudicial to the appellant.

8. Section 809 of the Kentucky Statutes is constitutional and has been so held by this court.

### AUTHORITIES CITED.

Section 809, Ky. Stats.; Smith v. Bogenschultz, 14 Ky. Law Rep., 305; Newman Pl. and Prac., p. 13; Secor v. Sturgis, 16 N. Y. Rep., 548; Howard's New York Code (3d ed.), p. 195; Acome v. American Mining Co., 11 Howard, 24; Sturgis v. Burton, 8 Ohio St. Rep., 113; McKinney v. McKinney, 8 Ohio St. Rep., 423; Ball v. Chaflin, 5 Pick. (Mass.), 303; Goddard v. Perkins, 9 N. H., 488; Van de Haar v. Van Domseled, 56 Iowa, 671; Mahan v. Smithermann, 71 Ala., 563; L. & N. v. Greer, 14 Ky. Law Rep., 876; Kentucky Cent. Ry. Co. v. Ryle, 13 R., 862; secs. 3712 and 3713, Ky. Stats., Denver & R. G. Ry. Co. v. Outcalt, 31 Pac., 177; L. & N. v. Belcher, 89 Ky., 193; Missouri Pac. Ry. Co. v. Humes, U. S. Sup. Rep., 115, p. 512; Citizens Rapid Transit Co. v. Dew, 45 S. W., 790; Railway Co. v. Sheppard, 56 Ohio St., 79; L. & N. R. R. Co. v. Williams, 20 R., 77; Newman on Pleading, p. 272; Kean, Receiver, v. Chenault, 19 Rep., 448; C., N. O. & T. P. Ry. Co. v. Bagby, 16 Ky. Law Rep., 533; L. & N. R. R. Co. v. Jones, 21 Ky. Law Rep., 749; same v. Spring Water Distillery Co., 21 Ky. Law Rep., 769.

OPINION OF THE COURT BY JUDGE BURNAM—AFFIRMING.

The appellee instituted this action against appellant to recover the value of a thoroughbred race horse alleged to have been negligently killed by one of appellant's trains. The suit was instituted under section 809 of the Kentucky Statutes, which reads as follows: "If, by the loco-

motive or cars of any company, cattle shall be killed or injured on the track of said road adjoining the lands belonging to or in the occupation of the owner of such cattle, who has not received compensation for fencing said land along said road, the loss shall be divided between the railroad company and the owner of such cattle; but in every case where the cattle or killed or injured by negligence or carelessness of the agents or servants of the company, it shall pay full damages for such killing or injury." Appellant in its answer admitted the killing of the horse by its train, but denied that it was guilty of any negligence, and alleged that the killing of appellant's horse was unavoidable so far as it was concerned. Several months after the institution of this suit, appellee filed an amended petition, in which he alleges that the place where the horse was killed was on the track of the defendant's road adjoining lands belonging to, and occupied by, plaintiff; that he had not received compensation for fencing his land along the road at that point; and asked that, if he was not allowed the full value of the horse, he have judgment for one-half of such amount. To the filing of this amended petition appellant objected on the ground that a distinct and separate cause of action was set up. Appellant's objections were overruled, and the amended petition permitted to be filed. Thereupon appellant moved the court to require appellee to elect which of his alleged causes of action he would prosecute, which the court declined to do, and this refusal is the first alleged error relied on for reversal. The amended petition did not set up a separate or distinct cause of action. The gist of appellee's action was to recover for the killing of his horse. Under the provisions of section 809 of the Kentucky Statutes, he was entitled to recover his full value if his killing by

Louisville & N. R. R. Co. v. Kice.

defendant's agents was the result of negligence on their part, and half of his value if the killing occurred on the track of appellant's road adjoining lands belonging to, or in the occupation of, the owner, who had not received compensation for fencing his land along said road. Both remedies are provided by the same section of the statute, and are not inconsistent or incompatible with each other, and the court properly overruled the motion to require appellee to elect.

It is also contended by appellant that so much of section 809 of the Kentucky Statutes as declares railroad companies liable, regardless of the question of negligence, is unconstitutional, and in support of this contention refers us to the case of Railway Co. v. Autaolt (Colo. App.) 31 Pac., 177. The constitutionality of this statute was considered by the court in the case of Railroad Co. v. Belcher, 89 Ky., 198, (12 S. W., 195), and it was held that such legislation was not prohibited by any provision of the Constitution, and that there was no room to question the constitutionality of the act, referring to the case of Railway Co. v. Humes, 115 U. S., 512, (6 Sup. Ct., 110), (29 L. Ed., 463), in which an opinion of the Supreme Court of Missouri upholding the constitutionality of a similar act in that State was affirmed. The question is therefore not an open one in this State.

Another ground of complaint is that the trial court permitted witnesses for appellee to testify as to the pedigree of the horse killed, as shown by the American stud books. Undoubtedly the pedigree of a race horse constitutes an important element in determining its value, as it is a matter of common knowledge that a much larger proportion of thoroughbred horses are successful racers than horses not so bred. It appears from the testimony that the stud

books in question are records carefully compiled by experts under the supervision of the breeders of this class of horses, and that they have been so kept for many years, and are universally accepted as conclusive evidence upon this point by persons dealing in such animals. Section 1325 of the Kentucky Statutes provides severe penalties for furnishing false pedigrees of stock, and we are of the opinion that the court did not err in permitting the witnesses to testify as to the pedigree of the animal killed as shown by these records.

It is also contended that under the testimony appellant was entitled to have had a peremptory instruction given to the jury to find for them, in so far as appellee sought recovery on the ground of negligence, as it is contended that the uncontradicted testimony of appellant's employes in charge of the train which killed the horse shows that there was no negligence on their part, and that every precaution was taken by them after the discovery of the horse to prevent injury. The testimony on this point is not of that clear and conclusive character in which this rule is applied. The engineer of the train, who is the chief witness on this point for appellant, testifies that his train was running twenty-five miles an hour when he discovered this horse, in company with three others, running on the side of the track about 100 feet ahead of the engine; that the engine at this time was about 700 feet from the mouth of the cut in which the horse was killed; that the cut was between 350 and 400 feet in length; that the horses had to run between 400 and 500 feet before they got to the mouth of the cut; that he thought they did not enter the cut at all, but passed over the hill; that the horse that was killed suddenly turned back, and attempted to cross the track immediately in front of the engine; that he applied his air

brake as soon as he discovered the horse, and actually stopped his train within 500 feet from where he first saw the horses. Witnesses for appellee contradict the statement of the engineer in several important particulars. They testify that the distance between the point where the engineer locates his train at the time he first discovered the horses and the point where the horse was struck in the cut was between 600 and 700 feet; that the horse did not go over the hill at all, but entered the cut, and ran directly in front of the engine for something like 300 feet before he was struck. It was the duty of appellant's agent to have kept a lookout for stock upon its track and after their discovery to have used all reasonable precautions, consistent with the safety of the train, to avoid injuring them. Under the evidence, the case was properly submitted to the jury, and we can not say that the jury was not warranted in concluding that appellant's servants in charge of the train might not, by proper diligence, have avoided killing the horse. The testimony as to the value of the horse was very conflicting, and this question was properly submitted to the jury. The instructions complained of, we think, fairly give to the jury the law applicable to the case. For reasons indicated, the judgment is affirmed.