ROSA WARRICK, Appellant, v. FRANK REINHARD, Appellee.

**Killing of stock:** ACTION FOR DAMAGES: EVIDENCE. In an action for
1  damages for killing a hog, evidence that the carcass found on
   defendant's premises bore marks of severe maltreatment, and
   that shortly prior defendant was seen beating the animal is
   held sufficient to warrant a verdict against him for the killing.

**Evidence of value:** CERTIFICATE OF PEDIGREE. As affecting the ques-
2  tion of value the pedigree of an animal may be shown by the
   production of a certificate issued by a breeders association,
   which is generally recognized as keeping a record of pedigreed
   animals for the information of the public, when accompanied
   by proof of the identity of the animal.

**Trespassing animals:** DAMAGES: EVIDENCE. Where a witness has
3  been permitted to state the number of bushels of grain de-
   stroyed by trespassing animals he may properly be asked as to
   its market value.

**Same:** MEASURE OF DAMAGES. The measure of damages for injury
4  to a meadow by trespassing animals is the difference between
   the value of the meadow in its damaged condition and what it
   would have been had it not been disturbed.

*Appeal from Hamilton District Court.*— HON. J. H. RICH-
ARDS, Judge.

MONDAY, MAY 20, 1907.

REHEARING DENIED, THURSDAY, OCTOBER 24, 1907.

ACTION to recover damages occasioned as alleged by
the wrongful killing of a thoroughbred sow. The defend-
ant, in answer, denied the allegations of the petition, and in a
counterclaim sought to recover damages to growing crops
destroyed, as alleged, by plaintiff's hogs. There was a jury
trial, resulting in special findings of damage sustained by
each party, and a general verdict in favor of defendant in
the sum of $10. Both parties have appealed. The plain-

tiff having first appealed, is denominated the appellant.— *Affirmed.*

*D. C. Chase,* for appellant.

*Wesley Martin,* for appellee.

BISHOP, J.— The appeal of plaintiff has relation both to the finding on the cause of action pleaded by her, as carried into the verdict, and to the finding and verdict on the matter of the counterclaim pleaded by defendant. The appeal of defendant has relation only to the matter of the finding on the cause of action pleaded by plaintiff.

I. We shall first consider the matters arising on defendant's appeal. It was alleged in the petition that the sow in question was a pedigreed animal, of Poland China breed, and of the value of $500. Defendant insists primarily that there was no sufficient proof that the animal was killed by him. We think otherwise. The animal was found dead on his premises, and the carcass bore evidence of severe maltreatment. So, also, there was testimony to the effect that defendant, assisted by others, was seen shortly before beating the animal. The evidence was at least sufficient to warrant a verdict, and, as the jury were correctly instructed on the subject, the finding against defendant must be approved.

1. KILLING OF STOCK: action for damages: evidence.

But defendant says that, conceding the wrongful killing, there was no competent evidence as to the value of the animal. On this subject, three witnesses testified for plaintiff. Each was a breeder of Poland China hogs, was acquainted with the animal in question, and in estimating value assumed that she was thoroughbred. Defendant does not question the competency of the witnesses, but says that, as there was no competent evidence on the subject of the breeding of the sow, a valuation predicated on pedigree was improper and

2. EVIDENCE OF VALUE: certificate of pedigree.

should not have been considered.    One of the witnesses (the husband of plaintiff) stated that he had made purchase of the sow for his wife, and he produced a document, known in the record as " Exhibit A "— the exact contents of which do not appear from the abstract before us for the reason, as stated by counsel, that following the trial it was mislaid and cannot be found — purporting (as we gather from the oral testimony having relation to it) to show the pedigree of Iona Perfection, the name by which the sow in question was known.    The witness stated that the name signed to the document was that of the secretary of the Iowa Breeders' Association, and that the seal attached was that of the association.    And he says that he received the document with the sow at the time of the purchase.    Another of such witnesses, on being shown Exhibit A, stated that of his own knowledge the signature and seal thereto attached were genuine; that it was customary to furnish certificates of pedigree of the character of Exhibit A at sales of pedigreed stock, and that from this certificate it appeared that Iona Perfection was thoroughbred.    All such evidence was objected to as incompetent and immaterial, and the introduction in evidence of Exhibit A was objected to for like reasons, and that it was hearsay, and the objections were carried along, and interposed to the questions which followed as to value.

The rule that the best evidence obtainable must be produced is elementary; and hearsay, being secondary in character, falls within the ban of the rule.    The rule, however, is not a hard and fast one.    It is intended to be given a reasonable interpretation, and many cases arise where the due administration of justice requires a departure from the strict rule forbidding hearsay evidence.    And we take warrant for the departure from the reasonable necessities of the case, and because otherwise a failure of justice would result; and greater liberality will be indulged where the evidence is addressed to matters collateral only to the main issue.    Of the cases in which hearsay will be accepted in

proof of a fact are those involving the pedigree of men and animals. We shall not indulge in a rehearsal of the particular reasons for this. They are descanted upon by every text-writer, and are familiar to the profession generally. In light of this it has frequently been held that, as affecting the question of value, the pedigree of an animal may be shown by the production of a printed register, or book of pedigrees, when accompanied by proof of the identity of the animal. The only qualification respecting the book is that it shall be identified as one kept up by or in the interest of breeders for the information of the public, and that it is generally accepted as authoritative. Such was our holding in *Kuhns v. Railway*, 65 Iowa, 528, and the holding was in no wise in conflict with what was said in *Crawford v. Williams*, 48 Iowa, 247.

It is true that in the latter case the herd book offered in evidence was rejected, but it was upon the express ground that the offer was not accompanied by any proof of the authoritative character of the book, or of the identity of the particular animal. The following cases are also in point: *Railway v. Kice*, 109 Ky. 786 (60 S. W. 705); *Railway v. Frazee*, 24 Ky. Law, 1273 (71 S. W. 437); *Pacific Co. v. Lothrop*, 20 Tex. Civ. App., 339 (49 S. W. 898); *Citizens Co. v. Dew*, 100 Tenn. 317 (45 S. W. 790, 40 L. R. A. 518, 66 Am. St. Rep. 754); *Jones v. Memphis Co.*, 31 South. 201. In *Citizens Co. v. Dew*, the holding goes so far as to say that, as the question of the pedigree of an animal is a matter of reputation, it may be established by proof of general reputation; and such, also, is the holding in *Jones v. Memphis Co.* Concluding on this point, we think that, while not very full, the evidence was sufficient upon which to conclude that the Iowa Association was a recognized source of authority on the subject of pedigreed animals, and that the animal in question had been registered by it, and, certainly, the certificate of the association under the hand of the secretary and its seal must be considered

as equal in value, to say the least,--with a printed book conveying the same information. We conclude that there was, then, no error in the admission of the certificate in evidence, and the testimony of the witnesses on the question of value was properly submitted to the jury.

II. We may now take up the matter of plaintiff's appeal. The counterclaim pleaded by defendant was in four counts, and in each thereof there was allegation in general terms of a trespass on his farm lands by plaintiff's hogs, and that they damaged and destroyed his crops, etc. Each count presents a trespass as of a separate year; but the time of year is not alleged, nor is the state or condition of the crops. The total sum demanded in the prayer was $110. As a witness, defendant was interrogated respecting the number of bushels of grain destroyed by the hogs in each of the designated years, and as to the value thereof per bushel. The objection to such evidence by plaintiff as incompetent and not a proper measure of damage was overruled. Defendant was also interrogated as to damage done by the hogs to his meadow, and as to the extent of decrease in value consequent thereon; and a similar objection to this evidence was also overruled. The correctness of such rulings presents the only grounds of the appeal to which we need give attention. Now, it will be observed that the witness measures the amount of grain destroyed by bushels, and, in the absence of any evidence leading to a contrary conclusion, we must assume that the grain was in condition to be so measured. The fact that the witness was asked to estimate the number of bushels did not make the questions vulnerable to objection, for in the nature of things he could not arrive at an answer in any other way, and, as he had given the number of bushels destroyed, it was proper to inquire of him as to the market value. If there were any circumstances by which the value in market was affected, it was open to plaintiff to make showing thereof either on

3. TRESPASSING ANIMALS: damages: evidence.

cross-examination or by direct evidence. This he did not see fit to do.

It does not appear by direct statement in what way the defendant's meadow was injured; but we infer that it was by the rooting of the hogs, thus destroying the grass. The defendant based his estimate of damage by taking the difference between the valuation of the meadow in its damaged condition, and the valuation as it would have been had it not been disturbed. This was proper. *Parrott v. Railway,* 127 Iowa, 419, and cases cited.

4. SAME: measure of damages.

We find no error in the record, and it follows that on both appeals the judgment must be, and it is, *affirmed.*