## CRAWFORD v. WILLIAMS.

1. **Damages:** STOCK BREEDING: EVIDENCE. In an action for damages by the owner of a thoroughbred cow against the owner of an unpedigreed bull which, being allowed to run at large, had got plaintiff's cow with calf, it was *held*, that a herd-book was not admissible without proof that it was recognized by breeders, and that plaintiff's cow was the one registered therein under the same name.

2. ———: MEASURE OF. The measure of damages in such a case is the difference in value of plaintiff's cow for breeding purposes before and after meeting defendant's bull.

*Appeal from Johnson District Court.*

THURSDAY, APRIL 18.

THE plaintiff alleges that on the 9th day of April, 1875, he was a breeder of reputed fine thoroughbred stock of the kind known as short-horns, and that, on said day, an ill-bred, unregistered and unpedigreed bull, belonging to defendant, unlawfully at large in the highway, served and got with calf plaintiff's two year old heifer, called "Royal Butterfly," which is reputed to be registered in American Herd Book, vol. 13, p. 926, to the damage of plaintiff in the sum of five hundred dollars.

The defendant, for answer, denies all the allegations of the petition. The bill of exceptions shows the following proceedings: The plaintiff testified as follows: "I reside in Fremont township, Johnson county. Am a breeder of 'short-horn' fine stock; have been for seven years. Defendant lives only a mile and a few rods from me; our land corners. On April 9, 1875, I was on my way home from Chicago. I landed at West Liberty. I had seven head of short-horn stock (thoroughbreds) that I purchased at Waukegan, Illinois. I purchased them as thoroughbreds from C. C. Park's herd, known as the *Glen Flora Herd*. I landed at West Liberty at 5 o'clock P. M., and after feeding them started for home, driving

them. About sixty rods from my own gate I met some cattle lying on the road. I supposed they were just cows, till I got among them, and the first thing that I knew there was a bull served one of my heifers. The animal served is called the "Royal Butterfly." The bull is not a pedigreed animal. The Royal Butterfly is. She is registered in the American Herd Book. I know she was registered because I saw it. I did not register her. I did not see her registered. I did not raise the animal. I only know about that what somebody else told me. I know it is the same animal by the Herd Book." The defendant then objected to all testimony of the witness in regard to the registry of the animal, as incompetent, being hearsay. The objection was sustained, and plaintiff excepted. Plaintiff offered in evidence vol. 13 of the American Herd Book. The defendant objected to it as incompetent and not the best evidence. The objection was sustained, and plaintiff excepted. Plaintiff then proposed to show that the defendant's bull got his cow with calf, and that the cow is registered as alleged, for the purpose of affecting the measure of damages. The defendant's objection was sustained, and plaintiff excepted. Plaintiff then proposed to show, as a measure of damages, the difference in value between a calf begotten by defendant's bull, and one she would have had if bred as he proposed to breed her to a thoroughbred bull, Cherry Duke 4th, No. 16,467, p. 98, American Herd Book; that he bought her with a view of breeding to that bull, and to show that he was a good calf getter, etc. To this proposed evidence the defendant objected. The objection was sustained, and plaintiff excepted. The court, thereupon, ruled that the measure of damages in this case is the physical injuries or damages that might have been done to the cow herself, by reason of the attack made upon her by the bull, and confined to that particular time. The plaintiff excepted to such rulings, as not being the proper rule for estimating the damages in the action, and announced that he expected to prove no physical injury to his said animal, and under such restricted rulings he could not pro-

ceed with his case, as it excluded all the proper elements of damages to him as a breeder of pedigreed short-horns. Thereupon the court instructed the jury that the plaintiff had offered no evidence of damages, and it was their duty to find for defendant, which they did. The plaintiff filed a motion to set aside the verdict and for a new trial, which was overruled. Judgment was rendered against plaintiff for costs. Plaintiff appeals.

*Robinson & Patterson*, for appellant.

*Boal & Jackson*, for appellee.

DAY, J.—I. There was no error in excluding the Herd Book. Without some proof that its correctness was recog-

1. DAMAGES: stock breeding: evidence.

nized by cattle breeders, and that the plaintiff's heifer was the identical Royal Butterfly entered in this book, the book was clearly inadmissible.

II. The court erred in the rule of damages announced. Bulls are prohibited from running at large, and the owner is

2. ——: measure of.

liable for all damages they occasion. Code, §§ 1447, 1450. This damage cannot properly be restricted to the merely physical injuries which they occasion. The importance to the State of improvement in all kinds of stock can scarcely be overestimated. The intelligent public spirit which employs itself in the improvement of stock ought to be encouraged and protected. It will be found impossible to maintain good breeds of stock if the owners of "scrub" male animals may permit them to run at large with impunity. Much skill and intelligence are requisite upon the part of stock breeders in selecting the most desirable crosses, so as to transmit the best qualities to the progeny. Each stock breeder has the right to make this selection for himself. If he is deprived of the right of making this selection he ought to be fully compensated for the injury inflicted. The value of thoroughbred stock consists in the probability that the

qualities of excellence will be transmitted to the offspring. It is evident that, to a breeder of fine stock, a thoroughbred heifer, with calf to a bull of impure blood, would be of less value than one with calf to a thoroughbred, or not with calf at all. The difference in value of the heifer, for the purpose of breeding fine stock, before meeting defendant's bull and afterward, constitutes the proper measure of plaintiff's damages.

REVERSED.