HOLLINGSWORTH ET AL. v. THE DES MOINES & ST. LOUIS R'Y COMPANY.

1. **Railroads:** RIGHT OF WAY DAMAGES: MEASURE OF. Where defendant sought to appropriate the whole of a certain lot for right of way purposes, it was not error for the court to instruct the jury that the measure of plaintiffs', (the owners',) damages was the market value of the lot at the time it was taken,—there being no evidence that the defendant's easement would not be perpetual, nor that the fee remaining in plaintiffs was of any value to them by reason of anything upon or under the surface of the lot, which they could enjoy or remove, without interfering with defendant's easement. [See *Cummins v. The Des Moines & St. Louis R'y Co.*, ante, p. 397. REPORTER.]

2. —— · ——: ——: APPROPRIATION OF BUILDINGS. When, between the time when the defendant appropriated the lot in question for right of way purposes, and the trial in the circuit court of an appeal taken from the condemnation proceedings, the defendant had sold certain buildings, which were on the lot, to third parties, who had removed them, *held* that defendant was estopped from claiming upon the trial of the appeal that the buildings did not become its property by virtue of the condemnation, and that plaintiffs should not recover for their value.

3. ——: ——: ——; EVIDENCE. In determining the damages to be paid for property taken for right of way purposes, evidence as to the value of other property not shown to be similar to that taken is immaterial, and was properly excluded in this case.

4. **Practice:** SUBMITTING SPECIAL INTERROGATORIES. Special interrogatories which must necessarily be answered by the general verdict, or which are immaterial, should not be submitted to the jury.

5. **Railroads:** RIGHT OF WAY DAMAGES: ALLOWANCE OF INTEREST ON BY COURT. Where the court instructed the jury that the measure of plaintiffs' damages was the market value of the lot appropriated for the right of way at the time it was taken, but said nothing about interest, it will not be presumed that the, included interest in their general verdict; and it was proper for the court to allow interest on the excess of the verdict over the award of the commissioners, from the date of the appropriation to the date of the judgment.

*Appeal from Warren Circuit Court.*

FRIDAY, APRIL 25.

DEFENDANT instituted a proceeding under the statute for the condemnation of a lot in the city of Des Moines, belong-

ing to plaintiff, for right of way for its railroad.    Commissioners were appointed by the sheriff to assess the damages, and an appeal was taken to the circuit court from the assessment by the the commissioners.    The case was tried in Warren county, and the statutory order was entered by the court on the verdict of the jury.    Defendant appeals.

*Parsons & Runnells,* for appellant.

*Phillips & Conrad,* for appellee.

REED, J.—I.    Defendant sought to appropriate the whole of the lot in question.    The circuit court instructed the jury that the measure of plaintiffs' damages was the market value of the lot at the time it was taken. Appellant assigns this ruling as error.    Its position is that, as it acquires but a limited right in the property, and as plaintiffs retain an interest in it, the true measure of damages is the difference between the market value of the property at the time of appropriation, and the value of the interest therein remaining in plaintiffs.

*1. RAILROADS: right of way damages : measure of.*

It is certainly true that a railway corporation acquires but a limited right or interest in lands condemned under the statute for right of way purposes.    It is empowered by the statute (section 1241 of the Code) to take and hold so much real estate as may be necessary for the location, construction and convenient use of its railway, and to take, remove and use, for the construction and repair of its railway and its appurtenances, any earth, gravel, stone, timber, or other material, on or from the land so taken.    The right acquired by it by virtue of the condemnation proceedings is to occupy and use the surface of the land taken for the purposes of its railway, and to appropriate and use so much of the earth, or other material upon the land, as may be necessary for the construction and repair of its road.    The owner of the land is not divested, of his title, and the interest remaining in him may in some cases be of great value.    If the land should be underlaid with

stone, coal, or other mineral, the owner would have the right, doubtless, to quarry or mine the same, provided this could be done without interfering with the use of the surface by the railroad company; (*Dubuque v. Malony*, 9 Iowa, 450; *Des Moines v. Hall*, 24 Id., 234;) and he would doubtless have the right to remove from the surface any of the materials enumerated in the statute, which are not required by the railroad company for the use to which it is authorized to appropriate them. The rule contended for by the appellant would undoubtedly be applicable in every case where the interest remaining in the land owner has a determinative value. In the present case, however, we are of opinion that this interest does not have such value. At the time the lot was taken by defendant, there were two small wooden buildings on it; but, with this exception, it is not claimed that there was any thing, either on the surface of the lot or beneath it, which plaintiffs could remove or use with profit or advantage. Aside from whatever interest may have remained in plaintiffs in said buildings, the only right retained by them, then, in the property, is the right of reversion in case of non-user for the purposes for which it was condemned; and it is impossible to determine that this right is of any present value. By the condemnation proceedings, defendant acquires the right to the exclusive use of the surface of the lot, and the condemnation is made on the theory that this use of the surface will be perpetual. So far as can be determined, at present, then, the reversionary right remaining in plaintiffs is of no value whatever. And the measure of damages is the full market value of the lot.

It is claimed, however, by defendant that it did not require the material in the buildings on the lot for the construction or repair of its railway, and hence plaintiffs were not divested of the ownership of said buildings by the proceedings, and that their value, or at least the value of the materials of which they were constructed, should have been deducted from the market value

2. ——: ——: appropriation of buildings.

Hollingsworth et al. v. The Des Moines & St. Louis R'y Co.

of the property in assessing the damages. It may be true, as defendant claims, that a building standing on land condemned under the statute for right of way, or the material in it, except such as may be required in the construction or repair of the railway, remains the property of the land owner. But we think we are not required to determine that question in this case. The evidence shows that, between the time of the appropriation and the trial in the circuit court, defendant sold the buildings to third parties, who removed them from the lot. Having made this disposition of them, it can not now be permitted to say that they remained the property of plaintiffs.

.II. On the trial, defendant produced a witness who testified that he had owned a lot on the opposite side of the street 3. —— : —— : from the one in question, and that, about six —— : evidence. months before the appropriation by defendant of the lot in question, he exchanged said lot for other property, and received in exchange for it property which he regarded as of equal value with. it. Defendant's counsel then asked the witness what he got for the lot. This question was objected to by plaintiffs as incompetent and immaterial, and the objection was sustained. We think the ruling was right. The question called simply for the opinion of the witness as to the value of the property which he received in exchange for the lot, and there was no evidence that there was any similarity between the property so received in exchange and the lot in question.

· III. Defendant requested the court to submit the following questions to the jury, which the court refused to do:

4. PRACTICE: (1) What was the fair market value in cash of submitting special interrogatories. the lot in question immediately before it was appropriated by defendant for right of way?

(2) What was the fair market value in cash of the lot in question immediately after defendant had appropriated its right of way across it, and subject to such right of way.

The first question is necessarily answered by the general

verdict. The jury were told that the amount of their verdict must be the market value of the lot immediately before it was appropriated by defendant. And, as we have already seen, under the evidence in the case, the second is immaterial.

IV. The amount of the damages awarded by the jury was greater than the amount assessed by the commissioners. The court allowed interest on this excess from the time of the appropriation to the date of the judgment. Appellee assigns this ruling as error. It is not claimed that plaintiffs were not entitled to this interest, but the claim is that it does not appear but that the interest was allowed by the jury and included in the amount of their verdict.

*5. RAILROADS: right of way damages: allowance of interest by court.*

The court did not in express terms tell the jury in the instructions whether plaintiffs were entitled to interest or not. It did tell them, however, that they should allow plaintiffs the market value of the lot at the time it was appropriated, and nothing more.

We must presume that the jury obeyed this instruction, and that interest was not computed or included in the verdict. We find no error in the record, and the judgment of the circuit court is

AFFIRMED.