THOMAS CONWAY, Appellant, v. MARTIN JORDAN.

**Animals:** DISTRAINT: *Division fences.* Under McClain's Code, section 2250, providing that any person may take possession of any bull found at large, defendant had the right to take up a bull running at large, though it escaped from the owner by breaking an insufficient division fence between the owner's property and that of defendant, which it was defendant's duty to maintain.

SAME: *Lawful fence.* McClain's Code, section 2251, providing that when lands enclosed by a lawful fence are injured by any domestic animal, damages may be recovered by distraining the animal, does not prevent the owner of lands not enclosed by a lawful fence from taking possession, under Code, section 2250, of a bull found at large therein.

SAME: *Conversion.* There was no conversion of property by defendant taking possession of a bull and turning it over to a constable to be sold, as provided by McClain's Code, section 2250, where the

owner of the bull demanded it before it was turned over to the constable, but refused to pay the damages asked by defendant, and asserted that he would not pay a cent.

**Requesting Instructions:** NECESSITY FOR. Where the instructions 4 were correct as far as they went, in order to secure a reversal appellant must show that he requested further instructions.

*Appeal from Mitchell District Court.*—HON. J. F. CLYDE, Judge.

WEDNESDAY, JANUARY 31, 1900.

ACTION at law to recover damages for the alleged wrongful and malicious taking and conversion of a bull belonging to plaintiff. Defendant admits the taking of the bull, but says that he was unlawfully running at large, and that he dealt with him according to law. There was a trial to a jury, resulting in a verdict and judgment for defendant, and plaintiff appeals.—*Affirmed.*

*G. E. Marsh* for appellant.

*W. L. Eaton* for appellee.

DEEMER, J.—Plaintiff and defendant are owners of adjoining farms. For many years they have maintained a division fence between their respective properties. Plaintiff was the owner of the bull in controversy, which was on June 5, 1897, found by defendant upon his premises. Defendant took up the bull, and on the following day plaintiff demanded the possession thereof, which defendant refused to give unless plaintiff would pay him the sum of $50 or $60, claimed as damages by reason of the fact that the bull had served two of his cows. This plaintiff refused to do, and thereupon, and on the eighth day of June, defendant turned the bull over to the constable of the township in which both parties lived, who proceeded to sell the animal, for the sum of twenty-one dollars and seventy-five cents. After deducting the sum of five dollars and twenty cents for

his services, the constable turned the remainder over to the treasurer of the county.

The case is to be determined under the provisions of the Code of 1873, as amended by subsequent acts of the legislature. In so far as material to this controversy, they are as follows: "Any person may take possession of any * * * bull found at large in the county in which such person resides, and give notice thereof to any constable in the county, who shall sell the animal so taken at public auction, having given ten days' notice," etc. * * * Out of the proceeds of the sale he may pay all costs and charges of keeping and any damage done by said animal, and shall pay the remainder of the proceeds into the county treasury. * * * But if the owner * * * shall on or before the day of sale pay the costs and charges thus far made, and all damages, and make satisfactory proof of his ownership, the constable shall release the animal to him without proceeding further." McClain's Code, section 2250. As plaintiff claims that the next section of that Code also applies, we give its substance. It is there provided that "when any person is injured in his lands enclosed by a lawful fence, he may recover his damages by action against the owner, or by distraining the animals doing the damage; but if they were lawfully upon the adjoining land and escaped therefrom by reason of the neglect of the person suffering the damage to maintain his part of the division fence, the owner of the animal shall not be liable for such damages."

Instruction No. 10 given by the court reads: "(10) If you find from the evidence that the bull in question was placed by plaintiff in the pasture on his own premises, and escaped therefrom and came upon defendant's premises; and if you so further find that such escape was because the division fence between the pastures, or some part of it, was not sufficient to properly restrain a bull under the circumstances in which the pastures on the two premises

were used at the time; and if you further so find that plaintiff had knowledge or notice of the insufficiency herein described when he placed the bull in his own pasture,— then the bull was not properly restrained, and, if taken upon defendant's premises, was 'found at large,' within the meaning of the law. This is claimed to be erroneous, for several reasons: (1) It is said that the parties had a division fence between their farms, and that the animal may have escaped because of a defect in that part that defendant was bound to maintain; (2) it is contended that there is no evidence of notice or knowledge on the part of the defendant as to the condition of the fence; and (3) that it is erroneous because, if the escape of the animal was due to defendant's failure to maintain his part of the fence, then the animal was not at large, and defendant had no right to distrain him. The first and third objections may be considered together. The first section of McClain's Code makes no reference to fences, and it appears therefrom that any person may take up a bull running at large, no matter how he may have escaped from the control, of the owner. If the animal was running at large, defendant had the right to distrain him, under the provisions of section 2250, McClain's Code, before quoted. The condition of the fence is material only to the question of the animal being at large. If plaintiff, when he turned the bull out, knew or had notice that the fence was insufficient to restrain him, and he escaped through the fence, we think it may be said that he was then running at large. This is what the instruction holds, and there was no error. Section 2251, relied upon by appellant, has no application to the facts disclosed by this record. At any rate, defendant made no claims thereunder; and the sole issue was whether or not the bull was running at large.

Again, the division fence between these parties was not a lawful fence. Hence that section does not apply.

None of the cases relied upon by appellant support his contention. They relate to instances where there was a lawful fence between the adjoining lands, or to cases where the animals that escaped into the adjoining inclosures were taken up simply because they were doing damage, and not because they were of the "male persuasion" and were running at large. There was evidence of plaintiff's notice and knowledge of the condition of the fence not only at the time he turned the bull into his pasture, but at other times. Even if plaintiff's contention as to the application of section 2251 of McClain's Code is correct, there is no evidence that the bull escaped through that part of the fence that defendant was bound to maintain. Hence the error, if any, was without prejudice.

II. In Instruction No. 6 the court, among other things, said: "The bull was at large unless he was in some proper manner restrained by the owner. But restraint need not be entirely physical. It may depend much upon the training, habits, and instincts of the animal in the particular case. And the sufficiency of the restraint is to be determined more from its effects upon, and controlling influence over, the animal, than from the nature or kind of the restraining acts." Taken in connection with No. 10 and some of the other instructions, it is not erroneous. If plaintiff had turned his bull into an unfenced field, and allowed him to roam at will, there could be no doubt that he would be running at large. And so, if he turned him out into a pasture that was improperly fenced and that would not restrain him, and the bull escaped therefrom and into an adjoining field, he would be running at large, although the fault in the fence may have been due to the neglect of the person who distrained him. See, as sustaining the two instructions quoted, *Hinman v. Railroad Co.*, 28 Iowa, 491; *Hammond v. Railroad Co.*, 43 Iowa, 168; and cases cited in 12 Am. & Eng. Enc. Law, pp. 898-900.

III.   Complaint is made of the failure of the court to define "conversion." The claims of the parties, in so far as they were material, were fully and clearly presented, and the jury were told what plaintiff must prove in order to recover. Defendant's defenses were also stated. A legal definition of the term "conversion" was unnecesary. In any event, the instructions on this subject were correct as far as they went, and plaintiff, in order to secure a reversal, should show that he requested further instructions. This he did not do, and there was no error. One other instruction is complained of, but the objection is without merit.

IV.   Plaintiff further insists that the undisputed evidence shows a conversion of the property, for the reason that he demanded the animal of the defendant before it was turned over to the constable, and before any costs had accrued. That he made such demand is conceded, but defendant refused to deliver the property until certain damages were paid. Plaintiff refused to pay these damages, and asserted that he would not pay a cent. The right of plaintiff to reclaim his property is fixed by section 2250 of McClain's Code, before quoted. This statute was not followed. Hence there was no conversion. Plaintiff was required to tender to the constable the costs and charges made up to the time the tender was made, as well as the damages accrued, and also to make proof of his ownership. Whether or not he could make such proof before the animal was delivered to the constable, we have no occasion to determine, for the reason that he absolutely refused to pay anything to the party in possession. We are inclined to the view, however, that such tender is of no effect until the constable has taken possession and estimated the damages done. It is not necessary to decide the point, however, and we leave it without saying more. No error appears, and the judgment is AFFIRMED.

GRANGER, C. J., not sitting.