BURLEIGH & JACKSON v. JOHN P. HINES, Appellant.

**Animals:** DISTRAINT: DAMAGES: NEGLIGENCE. The owner of a bull 1 is bound at his peril to restrain the animal from running at large, and the fact that the owner of heifers turns the same into a pasture adjoining the field in which the bull is kept, with a knowledge that the division fence is inadequate, is not, as a matter of law, such contributory negligence as will defeat recovery of damages, caused by the animal breaking through the fence and getting the heifers with calf.

**Distraint:** ELECTION OF REMEDIES. Mere distraint of a male animal 2 running at large, under Code, section 2312, is not an election of that remedy for the recovery of damages, to the exclusion of an ordinary action at law therefor.

**Damages:** RIGHT OF ACTION. Where defendant's illbred and unreg- 3 istered bull, running at large, got plaintiff's thoroughbred heifers with calf, a cause of action for damages accrued at once, and a subsequent sale of the heifers would not defeat recovery.

*Appeal from Cedar District Court.*— HON. H. M. REMLEY, Judge.

THURSDAY, MAY 12, 1904.

ACTION to recover damages sustained by plaintiffs as owners of nineteen thoroughbred and registered Hereford heifers which were gotten with calf by defendant's ill-bred and unregistered bull. Verdict for plaintiffs for $950, from judgment on which defendant appeals.— *Affirmed.*

*Wright, Leech & Wright* and *Dawley, Hubbard & Wheeler,* for appellant.

*Jamison & Smyth* and *C. J. Lynch,* for appellees.

McCLAIN, J.—The contentions for appellant are, first, that plaintiffs were negligent; second, that plaintiffs elected another remedy; and, third, that the jury were erroneously allowed to include damages as to one heifer which was not the property of the plaintiffs at the time the action was brought. The errors relied upon with reference to these matters are presented in different methods, and we can satisfactorily dispose of the case assuming that each of these questions was properly raised in the trial court.

I. The action is predicated on Code, section 2312, which requires the owner of certain male animals, including bulls, to restrain the same, and inferentially, therefore, makes the owner of such an animal liable for damages occasioned by his being at large. That the bull of defendant was at large — that is, off the premises of the defendant — at the time the injury complained of was committed, was shown by the evidence, and was necessarily found by the jury in reaching their verdict; and defendant was unquestionably answerable for the injury committed, unless plaintiffs were at fault in some way contributing to such injury. It is conceded that the partition fence between the field of defendant where the bull was kept, and the field of plaintiffs where the injury was committed was not a lawful fence, and that it had not been divided as between the owners of these adjoining premises. But, so far as defendant's wrong was concerned, this was immaterial, for under the statutory provision just referred to it was the duty of defendant to restrain his bull, and prevent him from going upon the premises of another. The fault which counsel for defendant seek to impute to plaintiffs by way of contributory negligence is the act of putting their heifers into a field adjoining that in which defendant's bull was kept, with the knowledge that the dividing fence was not adequate, and that defendant's bull was likely to break

*Marginal note:* 1. ANIMALS: restraint; negligence; damages.

through this division fence, and commit the injury complained of. It is no doubt true that one injured by an animal unlawfully at large may so far contribute to the injury as to preclude himself from recovering damages from the owner of the animal. *Meier v. Shrunk,* 79 Iowa, 17. But recovery should be denied to the plaintiff under such circumstances only where there is some fault on his part having proximate connection with the injury suffered. We think plaintiffs were not bound to anticipate that defendant's bull, being lawfully on defendant's premises, would not be restrained from unlawfully running at large and committing an injury. Plaintiffs had a right to the use of the premises on which their heifers were kept, and it cannot be imputed to them as negligence that they used such premises in a proper way. They need have no concern as to the sufficiency of the partition fence, save as to their own liability for damages which might be committed by their heifers in going through such fence onto the land of another, or as to their right to recover damages for a trespass which might be committed by stock of another coming upon their own premises. Male animals prohibited from running at large are subject to a different rule from that applicable to animals in general. The owner of male animals is bound at his peril to restrain them from running at large, and with reference to the damages committed by such an animal we think the sufficiency of the partition fence is immaterial. To hold that plaintiffs must, at their peril, put their heifers in their own field subject to the danger resulting from defendant's bull being at large, would impose upon them a restriction with reference to the use of their premises not contemplated by the statute. The acts of plaintiffs relied upon by defendant as constituting contributory negligence were not sufficient, as a matter of law, to defeat recovery.

II. The plaintiffs, finding defendant's bull wrongfully at large on their premises, shut him up, and notified defendant of the fact. Defendant came and took the bull away

with plaintiff's consent, agreeing to castrate him, which

**2. DISTRAINT:** was done.  Counsel argue that, as plaintiffs had
election of
remedies.        the right, under Code, section 2312, to dis-
train the bull, and, by notice to the constable, have him sold,
and their damages satisfied out of the proceeds of such sale,
they elected, by taking up the bull, to rely upon this remedy,
and cannot have relief by an action for damages.  But the
evidence does not show that the plaintiffs sought to avail
themselves of the statutory remedy.  They did not notify a
constable, nor did they seek to have their damages satisfied
as a condition of releasing the animal.  So far as appears,
they had no means of knowing at the time the animal was
released the extent of the injury, if any had been committed.
They did not distrain under a claim for damages, but fas-
tened up the bull found wrongfully at large, evidently for
the purpose of preventing the commission of further injury,
and notified the owner that he might retake possession.  We
think plaintiffs were not bound to elect between holding the
bull for damages and pursuing their ordinary remedy at
law.  The argument of counsel would lead to the result that,
if plaintiffs were not willing to rely solely on the amount
which might be realized from defendant's bull in satisfaction
of the damages which he had committed, they were bound
to allow him to remain at large on their premises committing
further damages, or, at their peril, to drive him off and keep
him away.  For the purpose of preventing further injury,
they certainly had a right to put him up, and in doing so
they did not elect to rely on the peculiar statutory remedy
by distraint.

III.  The contention that the jury were improperly
allowed to include in their verdict damages for injury to
the value of one of the heifers, which died or was disposed

**3. DAMAGES:** of by the plaintiffs after the injury was com-
right of
action.        mitted, and before the bringing of action, is not
well founded.  The verdict was based on evidence tending
to show the depreciation in the value of the heifers as thor-

oughbred and registered animals and for breeding purposes by reason of their having been served and gotten with calf by an ill-bred and unregistered bull. This depreciation in value resulted at once on their being thus served, and the fact that subsequently the plaintiff disposed of or lost one of the heifers would not affect their right to recover damages for the injury to such heifer. The damage was complete when the injury was done.

Finding no error to have been committed by the trial court, we reach the conclusion that the judgment should be, and it is, AFFIRMED.