# LOW v. BARNES.

No. 946.   Opinion Filed September 26, 1911.

(119 Pac. 389.)

1. ANIMALS—Injuries to Other Animals—Liability. Under sections 1, 11, 16, and 17, art. 1, c. 1, Sess. Laws 1903, prohibiting the running at large at all seasons of the year of swine, sheep, goats, stallions, and jacks, the owner of a boar, while such animal is running at large in violation of the statute, is liable for injuries done to another animal, while on the premises of the owner.

2. SAME—Trespass—Liability of Owner. Where a domestic animal, prohibited by law from running at large, does so and breaks into and trespasses upon the lands of another, the owner of the trespassing animal is liable for all injury sustained on account of such trespass, without reference to whether such animal was vicious, and without reference to whether such propensity was known to the owner of the trespassing animal.

3. SAME—Injuries to Other Animals—Action—Sufficiency of Evidence. Evidence that early in the evening the boar of plaintiff in error was trying to effect an entrance to the hogpen of defendant in error, which pen contained a boar and other hogs, and, that in the morning following, the hog of plaintiff in error was found within such inclosure, and the boar of defendant in error was in the same pen dead, with a gash in its neck, considered, and deemed sufficient to sustain the verdict rendered.

(Syllabus by Sharp, C.)

*Error from Johnston County Court; Nick Wolf, Judge.*

Action by W. A. Barnes against F. L. Low. Judgment for plaintiff, and defendant brings error. Affirmed.

Action begun in the justice court of Harris township, at Tishomingo, to recover $65 damages for the death of a boar and injury to a sow, both belonging to defendant in error, by a boar owned by plaintiff in error. On appeal to the county court, a jury trial was had, resulting in a verdict for defendant in error in the sum of $40, for which amount judgment was rendered, and from which judgment of the county court the plaintiff in error appeals.

*M. A. Young* and *Young & Stobaugh,* for plaintiff in error.

*Garrett & Bingham,* for defendant in error.

Opinion by SHARP, C.   Section 1, art. 1, c. 1, Sess. Laws 1903, provides:

"Every owner of swine, sheep, goats, stallions, or jacks, shall restrain them at all times and seasons of the year from running at large in the Territory of Oklahoma."

Section 11 of said act is in part as follows:

"The owner of any stock or domestic animal prohibited by law from running at large  *  *  *  shall be liable for all damages done thereby while wrongfully remaining at large upon the public highway or upon the lands of another; which may be recovered by action at law; or the party injured may at his option distrain the trespassing animals," etc.

Section 16 authorizes "any person, a resident of the county," to "take up any stallion, jack, boar, buck, or male goat found at large in the county, and when so taken up the animal shall be treated in all respects as in this act provided in regard to stock trespassing."

Section 17 is in part as follows:

"The persons or owners of stock prohibited from running at large by this act shall be liable for all damages done by such animals upon the land of another, and the owner of the land so trespassed upon, may restrain such stock, as in this act provided, or may recover damages by civil action."

The foregoing sections of the act of February 27, 1903, contain the statutory law determining the issues in this case.   By section 1 the statute prohibits the running at large of swine at all times and seasons of the year.   Section 11 fixes the liability of the owner of stock or domestic animals prohibited by law from running at large, and plainly says that such owner shall be liable for all damages done thereby, while said stock or domestic animals are at large upon the public highway or upon the lands of another.   Section 16 authorizes any person, a resident of the county, to take up any stallion, jack, boar, buck, or male goat found at large in the county; while section 17 expressly provides that the owners of stock, prohibited from running at large, shall be liable for all damages done by such animals upon the land

of another, and provides two methods of procedure by which the damages may be recovered.

Counsel for plaintiff in error rely for reversal upon *Meegan Brothers v. McKay*, 1 Okla. 59, 30 Pac. 232. This case involved a construction of the Nebraska laws put in force in Oklahoma Territory by the Organic Act, and limited the right of recovery for all damages done by trespassing stock upon the cultivated lands of the party injured; hence is not controlling. In that case the court said:

"Whatever may be the proper construction and application of these statutory provisions, it is clear that they were not intended to apply to a case like this—of injury done by one domestic animal to another—but were intended to apply to damage done by stock upon cultivated lands, and to the herbage and crops thereon."

The statutes in force here make no reference to injury done on cultivated lands, but provide for all damages done either upon the public highway or upon the lands of another; and the only reasonable construction that can be placed upon said statutes is that the owner of trespassing stock, prohibited by law from running at large, shall be liable for all damages done by such animals while upon the lands of another. And in this case the boar of plaintiff in error being at large, and having trespassed upon the lands and inclosure of defendant in error, and while there having killed the boar of defendant in error, it must follow that said plaintiff in error is liable for all damages sustained.

It is unnecessary, however, to a determination of the liability in this case, to base it upon a construction of the statutes quoted. Where, at the time of doing the mischief, a domestic animal is a trespasser upon the lands of another, and the action is in trespass, recovery may be had for the mischief without proof of the *scienter;* the trespass being the gist of the action and the injury merely an aggravation of the damages. 3 Encyc. of L. & P. 970; *Mesier v. Beale* (C. C.) 43 Fed. 358; *Baldwin v. Ensign,* 49 Conn. 113, 44 Am. Rep. 205; *Decker v. Gammon,* 44 Me. 322, 69 Am. Dec. 99; *Beckett v. Beckett,* 48 Mo. 396; *Angus v. Ragin,* 5 N. J. Law, 815, 8 Am. Dec. 626.

In *Morgan v. Hudnell,* 52 Ohio St. 552, 40 N. E. 716, 27 L. R. A. 862, 49 Am. St. Rep. 741, the Supreme Court of Ohio said:

"Undoubtedly it is settled law that the owner of a domestic animal is not in general liable for an injury committed by such animal while in a place where it rightfully may be, unless it is shown that the animal was vicious in the particular complained of, and that the owner had notice of such vicious propensity. But we regard it as equally well settled that if the animal breaks into the close of another, and there damages the real or personal property of one in possession, the owner of the trespassing animal is liable, without reference to whether such propensity was known to the owner; for the law holds a man answerable, not only for his own trespass, but for that of his domestic animal. The natural and well-known propensity of horses, as well as other cattle, is to rove, and the owner is bound to confine them on his own land; so that, if they escape and do mischief on the land of another under circumstances where the other is not at fault, the owner ought to be liable."

—*Beckwith v. Shoredike,* 4 Burr. 2092; *Angus v. Radin,* 5 N. J. Law, 815, 8 Am. Dec. 626; *Dolph v. Ferris,* 7 Watts & S. (Pa.) 367, 42 Am. Dec. 246; 3 Black. Comm. 211; *Stewart v. Benninger,* 138 Pa. 437, 21 Atl. 159; *Johnston v. Mack Mfg. Co.,* 65 W. Va. 544, 64 S. E. 842, 24 L. R. A. (N. S.) 1189, 131 Am. St. Rep. 979; *Decker v. Gorman,* 44 Me. 322, 69 Am. Dec. 99; *Burleigh v. Hines,* 124 Iowa, 199, 99 N. W. 723; *Crawford v. Williams,* 48 Iowa, 248.

The brief of counsel for plaintiff in error contains no asignments of error, as required by rule 25 of this court (20 Okla. xii, 95 Pac. viii), and we do not feel that it is incumbent upon the court, as requested by counsel, "to ransack the record and endeavor to find any proof," etc. However, we have done so in this instance. The testimony showing that early in the evening of November 12, 1908, the boar of plaintiff in error was trying to effect an entrance into the pen of defendant in error, wherein were contained his hogs, male and female, and that on the morning following the boar of plaintiff in error was discovtrying to effect an entrance into the pen of defendant in error,

was in the same pen, where it had been kept by its owner, dead, with a gash in its neck, as though cut by the tusks of another hog, discloses sufficient evidence to sustain the verdict of the jury.

The decision of the trial court should therefore be affirmed.

By the Court: It is so ordered.

All the Justices concur.