## DE NOMA, Appellant, v. SIOUX FALLS TRACTION SYSTEM, Respondent.

### (162 N. W. 746.)

(File No. 4082.    Opinion filed May 16, 1917.    Rehearing denied June 26, 1917.)

1. **Negligence—Damages to Automobile by Street Car—Instruction—Defendant's Negligence, Want of Ordinary Care, Whether Involving "Last Clear Chance."**

   In a suit for damages for injury to plaintiff's automobile by collision with defendant's street car at a street crossing, held, that a requested instruction that it was defendant's duty to use reasonable care to see vehicles which may be passing across its tracks, that if its motorman did not use ordinary care to observe the automobile while being driven across the track, and that if motorman had used ordinary care he would have seen the automobile in time to have stopped the car or slacken speed so as to have avoided the injury, verdict must be for plaintiff, was not a statement of doctrine of "last clear chance."

2. **Negligence—Doctrine of "Last Clear Chance," as Assuming Defendant's Negligence and Contributory by Plaintiff.**

   The doctrine of the "last clear chance" necessarily assumes negligence on plaintiff's part, and contributory negligence of plaintiff; and it has no application except upon that assumption. And held, in a suit for injury to plaintiff's automobile by defendant's street car at street crossing, that said doctrine involves negligence in failing to use proper diligence and effort to stop a car after motorman had seen the auto upon or so near the track that collision was imminent, and he might have stopped his car in time to have avoided the accident.

3. **Trial—Instruction—Negligence—Accident at Crossing—Defendant's Reasonable Diligence, Plaintiff's Contributory—Rule.**

   Such requested instruction was substantially covered by the general instruction given, which correctly stated the law as to defendant's negligence and of plaintiff's contributory negligence, in charging that city ordinance required motorman to ring a gong when approaching street crossing; that no car should be run faster than 12 miles an hour; that it was defendant company's duty to employ careful, sober, and prudent conductors and mortomen to take charge of their cars; that it was such employees' duty to keep vigilant watch for all teams, carriages, or pedestrians upon the tracks, or moving toward them, and that at first appearance of danger to said teams, etc., the cars should be stopped in shortest possible time and space, and that a violation of any of these ordinances would constitute negligence on part of defendant.

**4.  Appeal—Prejudicial    Error—Negligence—Failure    to    Request Charge on "Last Clear Chance"—Charge that Plaintiff's Contributory Barred Recovery, Effect.**

Where, in a suit for damages for injury to an automobile by a street car at a crossing, court instructed that if plaintiff was guilty of contributory negligence he could not recover, **held,** that it was not prejudicial error to omit an instruction on doctrine of "last clear chance," no request for it having been made; and such omission did not preclude plaintiff's recovery under said doctrine.

Appeal from Circuit Court, Minnehaha County.  Hon. JOSEPH W. JONES, Judge.

Action by William De Noma, against the Sioux Falls Traction System, to recover damages for injury to plaintiff's automobile by defendant's street car at a street crossing.  From a judgment for defendant, and from an order denying a new trial, plaintiff appeals.  Affirmed.

*Parliman & Parliman,* for Appellant.

*Boyce, Warren & Fairbank,* for Respondent.

(1.)  To point one of the opinion, Respondent submitted that:  The instruction requested by the appellant is not a proper statement of the doctrine of the last clear chance, even if applicable to this case.

(2.)  To point two of the opinion, Appellant cited:  Indianapolis St. Ry. Co. v. Bolin, 78 N. E. 210.

Respondent cited:  Bruggeman v. Illinois Central R. Co. 123 N. W. 1007; Underwood v. Oskaloosa Traction & Light Co., 137 N. W. 933; Drown v. Northern Ohio Traction Co. (Ohio) 10 L. R. A. (N. S.) 421, 81 N. E. 326; Marple v. Topeka Ry. Co., 118 Pac. 690.

(3.)  To point three of the opinion, Appellant cited:  Rudd v. American Guarantee Fund Mut. Fire Ins. Co., 96 S. W. 237; Barrie v. St. Louis Transit Co., 96 S. W. 233; Thompson on Negligence, Vol. 2, Sec. 1477; Wilfin v. Des Moines City Ry. Co., (Ia.) 156 N. W. 844; Elliott v. N. H. & H. R. Co. 83 Conn. 320; Doherty v. Des Moines City Ry. Co., 121 N. W. 692.

(4.)  To point four of the opinion, Appellant cited:  Klockenbrink v. Co., 72 S. W. 901.

Respondent cited:  Ames v. Waterloo Rapid Transit Co., 95 N. W. 161; Markowitz v. Metropolitan Street Ry. Co., 186

Mo. 350, 69 L. R. A. 389; Westcott v. Waterloo Ry. Co., 155 N. W. 255.

SMITH, J.   Action for damages received in a collision of plaintiff's automobile with defendant's street car at a street crossing in the city of Sioux Falls.   Plaintiff, among other things, alleged negligence of the street railway company in running its car at a speed greater than allowed by the city ordinances, and in failing to stop its street car in time to prevent a collision after seeing plaintiff's automobile as it approached the crossing.   Defendant denied negligence, and alleged contributory negligence of plaintiff.   At the trial, city ordinances were put in evidence regulating the speed of street cars on the streets and at crossings and of automobiles driven on the city streets and approaching street crossings, and requiring the motorman on a street car to ring a gong when approaching a crossing.

[1, 2]  Appellant's principal contention is that the trial court erred in refusing a requested instruction which is claimed to present for submission to the jury the doctrine of the "last clear chance."   This instruction is as follows:

"The jury are instructed that it was the duty of the defendant by its agents and servants to use reasonable care to see vehicles which may be passing across its tracks, and if you believe from the evidence that the motorman of the defendant did not use ordinary care to observe plaintiff's automobile while it was being driven across the track of the defendant upon a public street, and if said motorman had used such ordinary care he would have seen the automobile in time to stop his car or slacken his speed so as to have avoided injury to same, the jury must find a verdict for plaintiff."

Appellant is wholly in error in assuming that this instruction covers or embraces the rule of law often referred to as the doctrine of the "last clear chance."   This rule is stated as follows, in Thompson's Com. on the Laws of Neg. vol. 8 (White's Supplement) § 240:

"It is the doctrine of 'last clear chance' that the person who has the last clear chance of avoiding an accident is responsible, notwithstanding the negligence of the other person.   Under this doctrine the failure to avoid the injury is the last link in the chain of causes, and is in the law the sole proximate cause.   The doc-

trine implies that the defendant knew that the plaintiff was in danger and negligently failed to avoid injuring him.    In some jurisdictions, however, the doctrine is not limited to cases where the peril of the person injured has been actually discovered by the exercise of reasonable care.    Where both parties could have prevented the accident, but neglected to do so, their negligence is concurrent, and the 'last clear chance doctrine' may not be invoked."

This doctrine necessarily assumes negligence on the part of the defendant, and contributory negligence on the part of plaintiff, and has no application whatever except upon that assumption. The requested instruction quoted is nothing more than a clear and correct statement of the rule applicable in cases where the negligence charged is the failure of the motorman in the exercise of ordinary care and negligence to observe plaintiff's automobile approaching or being driven upon a crossing on a public street or highway, and where if the motorman had used ordinary care or diligence he would have seen the automobile in time to have stopped the car or slacken its speed, and avoid the injury.

In other words, the proposition in the instruction is negligence in failing to observe the plaintiff's car, while the doctrine of the "last clear chance" involves negligence in failing to use proper diligence and effort to stop the car after the motorman had seen the automobile upon or so near the track that a collision was imminent, and he might have stopped his car in time to have avoided the accident.

[3] It is true that the instructions given by the trial court in its general charge did not undertake to state the doctrine of the "last clear chance," though they fully and correctly stated the law as to negligence of defendant, and contributory negligence of the plaintiff, and we think sufficiently stated the rule which requires the defendant to exercise reasonable diligence in observing persons or vehicles upon or approaching street crossings.

The court instructed the jury that the city ordinance required each motorman to ring a gong when approaching a street crossing; that no car should be run on said railway at a rate of speed exceeding 12 miles an hour; that it was the duty of the defendant company to employ careful, sober, and prudent conductors and motormen to take charge of their cars while on the road; and

that it was the duty of the conductors and motormen to keep a vigilant watch for all teams, carriages, or pedestrians upon the tracks or moving towards them, and that at the first appearance of danger to said teams, carriages, or of children or other obstruction, the cars shall be stopped in the shortest time and space possible, and also that "a violation of any of these ordinances would constitute negligence on the part of the defendant." The requested instruction was thus substantially covered by the general instruction given, and its refusal did not constitute error. The requested instruction did not embrace the doctrine of the "last clear chance," and it is therefore unnecessary to consider the application of that doctrine to the facts in this case.

[4] The trial court instructed the jury, in substance, that if plaintiff was guilty of contributory negligence he could not recover. Appellant's contention is that such instruction precludes plaintiff's recovery under the rule of the "last clear chance," and was therefore prejudicial error. No request for an instruction covering the rule of law known as the "last clear chance" having been made by appellant, the omission of the court to instruct upon that proposition is not ground of reversal in this court. Dell Rapids Merc. Co. v. Dell Rapids, 11 S. D. 116, 75 N. W. 898, 74 Am. St. Rep. 783; Winn v. Sanborn, 10 S. D. 642, 75 N. W. 201; Frye v. Ferguson, 6 S. D. 392, 61 N. W. 161; Garrigan v. Kennedy, 19 S. D. 11, 101 N. W. 1081, 117 Am. St. Rep. 927, 8 Ann. Cas. 1125; Lunschen v. Ullom, 25 S. D. 454, 127 N. W. 463; Belknap v. Belknap, 20 S. D. 482, 107 N. W. 692. This rule is the same even in a criminal case. State v. Millard, 30 S. D. 169, 138 N. W. 366; Enoch v. Spokane Falls R. Co., 6 Wash. 393, 33 Pac. 966; Dow v. Dempsey, 21 Wash. 86, 57 Pac. 355; Garrett v. Weinberg, 59 S. C. 162, 37 S. E. 51, 225; Conway v. Jordan, 110 Iowa, 462, 81 N. W. 703; 2 Cyc. 701 (note 56).

We have considered other assignments of error as to certain portions of the instructions given, but, taken as a whole, they correctly state the law and contain nothing prejudicial to plaintiff's legal rights. We regard the rulings upon matters of evidence assigned as error as nonprejudicial. Finding no error in the record, the order and judgment of the trial court are affirmed.