Ruby Tallmon, Appellee, v. Edward Larson, Appellant.

No. 44680.

March 7, 1939.

Ed Fackler, Jr., and Putnam, Putnam, Fillmore & Putnam, for appellant.

Thomas E. Mullin, E. F. McEniry, and Earl F. McClelland, for appellee.

Hale, J.—This action is brought by the plaintiff, Ruby Tallmon, against Edward Larson, defendant, to recover damages for injuries sustained in a collision which occurred between the car belonging to plaintiff's husband, and in which she was a passenger, and the car of the defendant, on February 10, 1937.

The plaintiff was riding in the front seat with her husband, who was driving, and they were proceeding west on a dirt road, which, it appears from the evidence, was icy, and the traveled way of which was about 15 feet wide. The road was rounded

at the center and at the edges sloped off to ditches which were partially filled with ice and snow. The road had been traveled at about the center, and in the surface there were two ruts made by cars traveling over the road. The car in which plaintiff was riding was traveling west and was proceeding toward the top of a small hill in the road. The defendant's car was traveling east. Defendant had driven down a hill farther to the west, at a distance of about 200 feet from the crest of the hill up which plaintiff's car was proceeding. On arriving at the crest of the hill plaintiff's driver started down, and when part way down the hill was met by the defendant's car, which was being driven in the ruts in the center of the traveled roadway, with the result that the cars collided and the plaintiff was injured. Plaintiff testified, as also did her husband, that before the impact of the two vehicles plaintiff's driver had got his car over with the left wheels in the right rut, but that defendant continued in the middle of the road. This, of course, was disputed by the defendant, who insists that the car in which plaintiff was riding remained in the ruts in the center of the road.

There were only three eyewitnesses to the collision, but others testified as to the position of the cars after the collision.

Plaintiff alleges that the defendant was negligent in several respects, two of which grounds were submitted to the jury: First, that the defendant failed to give one half of the traveled way by turning to the right; and, second, that defendant did not have his car under control so that he could yield one half of the traveled portion of the highway. The case was tried to a jury, who returned a verdict in plaintiff's favor. A motion for a new trial and exceptions to instructions was filed and submitted, and overruled, and defendant appeals.

I. The only errors relied upon for reversal, and argued by the defendant, are: First, that the court erred in submitting instruction No. 5; and, second, that the court erred in submitting such instruction individually and in combination with other of the instructions.

The question before us is whether or not there was error in the giving of instruction No. 5 so as to require a reversal. Instruction No. 5 followed instruction No. 4, which was a definition of negligence. Said instruction No. 5 is as follows:

"In connection with the instruction just given you with

reference to negligence in this case, you are instructed that if you find that the negligence of the defendant was the direct and moving cause of the collision of the defendant's car with the car in which plaintiff was riding, then you are instructed that the injury to the plaintiff was the natural result of that negligence and ordinary prudence would suggest that the negligence would probably result in such an injury and if you so find, your verdict herein should be for the plaintiff."

The defendant contends that the court erred in giving said instruction No. 5, and insists that such instruction purports to instruct the jury completely on the matter of liability, but omits the element of contributory negligence. On the other hand, plaintiff contends that this ommission does not vitiate the instructions, which must be taken as a whole, and that other instructions clearly define the rule as to contributory negligence.

In considering this instruction we must take into consideration the instructions following, and also instructions Nos. 3 and 4, immediately preceding it.

In instruction No. 3 the court definitely laid down the matters which must be established by the plaintiff before she would be entitled to recover—that plaintiff was not herself guilty of any contributory negligence; that the evidence must show that the defendant was guilty of negligence; that such acts were the proximate cause of the injury, and the fact of the sustaining of the injury; and that all such matters must be established by a preponderance of the evidence.

In instruction No. 4 the court fully defined negligence and instructed the jury "that negligence does not depend upon the question whether the result of an act might have been reasonably foreseen, it being sufficient to support the charge of negligence if the result of the act is natural, though not the necessary thing to be expected, or if ordinary prudence would suggest that the act or omission would probably result in injury."

Instruction No. 5, immediately following and given in connection with the former instruction as above set out, amplifies this paragraph of instruction No. 4. The evident purpose of the court in giving this instruction was to further explain that part of instruction No. 4 above set out.

The distinction between this instruction and the one given

in the recent case of Bobst v. Hoxie Truck Line, 221 Iowa 823, 267 N. W. 673, is that in the latter case the court undertook to give all the elements necessary to constitute negligence, and instructed the jury that if the facts recited were shown, they should return a verdict for the plaintiff; and no reference was given to the element of contributory negligence. In the instant case the instruction as to negligence is merely general, and the purpose of the instruction was to add to and emphasize the fact that if the negligence of the defendant was the cause of the collision, the injury to the plaintiff would be the natural result and ordinary prudence would suggest the probable result.

The instructions following, Nos. 6, 7, 8, 9, and 11, all correctly and clearly laid down the rule given in instruction No. 3, that plaintiff could not recover in the event of contributory negligence.

It seems to us that the jury could hardly be misled as to the purpose of the instruction and, when read in connection with the other instructions, they would not be confused. The jury was repeatedly informed that there could be no recovery unless plaintiff had shown herself free from contributory negligence, and we can hardly conceive of their rendering a verdict without taking into consideration the rules given in practically all of the instructions. There was evidence before them of the actions of the plaintiff at the time in controversy, and, while there was not a great deal of testimony offered as to that point, no evidence was offered to the contrary, and we are of the opinion that the jury was in no way misled and that there was not prejudicial error. See Flesch v. Schlue, 194 Iowa 1200, 191 N. W. 63.

This disposition of the error assigned in giving instruction No. 5 renders unnecessary further discussion as to conflict in the instructions. While it is true and needs no citation of authority that instructions which are conflicting and confusing constitute reversible error, yet we do not think that the instructions in this case, when considered as a whole, were such as to mislead or confuse the jury or to constitute reversible error.

Under the record the case should be, and it is, affirmed.— Affirmed.

MITCHELL, C. J., and SAGER, BLISS, OLIVER, MILLER, and HAMILTON, JJ., concur.