DeWITT R. MALLORY and ARTHUR E. MALLORY, doing business under the firm name of MALLORY & MALLORY, appellees, v. FRED JURGENA, appellant.

No. 49525.

(Reported in 92 N.W.2d 387)

OCTOBER 14, 1958.

Hobson & Cady, of Hampton, for appellant.

.   Lee B. Blum and R. R. Stuart, both of Hampton, for appellees.

PETERSON, J.—Plaintiffs are engaged in raising purebred registered Aberdeen Angus cattle on a farm in Franklin County. Defendant is a neighbor farmer. Their pastures adjoin with a lawful fence between the two pastures.

In March 1954 five of plaintiffs' Angus cows gave birth to calves. Three of them were roan and two were a combination of black and whitish hair. Defendant was the owner of a common Shorthorn roan bull. After the birth of the five calves one of plaintiffs and his hired man called on defendant to inquire if his bull had been in the Mallory pasture in the summer of 1953. Defendant said he had found his bull in the pasture and had driven him back into his own pasture. He jumped the fence to return and presumably had jumped the fence to get into the Mallory pasture. There were no breaks in the fence between the two pastures.

Plaintiffs sued defendant for damages to the five purebred registered cows in the amount of $5300. The jury rendered verdict in favor of plaintiffs for $2250. Defendant appeals.

Appellant assigns six errors relied upon for reversal. He alleges the trial court erred in overruling defendant's motion for a directed verdict; erred in submitting instructions 3, 5 and 6 to the jury, and in overruling submission of defendant's Requested Instruction No. 2. There is only one legal question in this case. All assignments of error can be considered under this question. Is the keeper of domestic farm animals subject to statutory liability to adjoining owners for trespass by his livestock, when the farms are separated by a lawful properly maintained fence; or is his liability based on negligence?

I.   Section 2312 of the 1897 Code of Iowa provided with reference to restraint of male animals: "The owner of any stallion, jack, bull, boar or buck shall restrain the same, and any person may take possession of any such animal running at large in the county in which such person resides, or in which he occupies or uses real estate, * * *."

In 1924 section 2312 was changed to include all animals and is now section 188.2 of the 1950 Code: "Restraint of animals. All animals shall be restrained by the owners thereof from running at large."

Section 2313 was retained in substance, and is now section 188.3 of 1950 Code: "Trespass on lawfully fenced land. Any animal trespassing upon land, fenced as provided by law, may be distrained by the owner of such land, and held for all damages done thereon by it, unless it escaped from adjoining land in consequence of the neglect of such landowner to maintain his part of a lawful partition fence."

Under the above sections, both in the 1897 Code and in the 1950 Code, the owner of a bull which trespasses upon the property of a neighbor and causes damage is liable for the damage with the one exception that if the bull enters the pasture of the neighbor through his part of improperly maintained partition fence. The principles involved in the matter are the same under decisions of this court rendered both prior to and since 1924. Crawford v. Williams, 48 Iowa 247; Conway v. Jordan, 110 Iowa 462, 81 N.W. 703; Burleigh & Jackson v. Hines, 124 Iowa 199, 99 N.W. 723; Goslar v. Reed, 189 Iowa 1198, 179 N.W. 621; Wheeler v. Woods, 205 Iowa 1240, 219 N.W. 407; Madison v. Hood, 207 Iowa 495, 223 N.W. 178; Haack v. Rodenbour, 234 Iowa 368, 12 N.W.2d 861.

Appellant contends sections 188.6 and 188.7 must be considered in connection with above quoted sections 188.2 and 188.3. Sections 188.6 and 188.7 pertain to animals running at large on highways or under care and control of the owner on the highway. By the same token appellant's citations are restricted to animal-auto accidents where the element of certain types of negligence pertains. We hold the various sections do not supplement each other. Sections 188.2 and 188.3 control this case, and create a different and independent basis of liability from sections 188.6 and 188.7.

We have recently (1944) considered a case similar to the case at bar. Haack v. Rodenbour, supra. Plaintiff's bull trespassed upon defendant's pasture and killed his bull. Defendant restrained the bull in accordance with provisions of statute. Plaintiff filed replevin action, with proper bond, and secured

20

the return of his bull. The trial court held defendant had a
right to restrain the bull as a trespasser and entered judgment
for the value of the bull as against the replevin bond. We af-
firmed.

Applicable to questions involved in this case we made the
following statements at pages 370, 373, 374 of 234 Iowa: "At
the time this controversy arose this fence [between the two pas-
tures] was a good substantial fence and there has been no claim
made by either party that it did not meet the statutory require-
ments of a lawful fence. * * * There is no direct evidence as to
how such bull got upon the premises of the appellee [same as
case at bar]. * * * Under the record there can be little doubt
that the Haack bull, on March 9, 1942, was a trespasser and as
such liable to distraint under chapter 146 of the Code of Iowa
1939 [now chapter 188, section 188.3, 1950 Code]."

II. Defendant's Requested Instruction No. 2, which
the trial court refused to submit, states that "said bull got into
plaintiff's pasture because of the plaintiff's negligent mainte-
nance of his portion of the fence." The court was right in re-
fusing to submit this instruction to the jury. No evidence
developed as to this allegation, and it was stricken from de-
fendant's answer before the case was submitted to the jury.

Appellant assigns error in submission of Instruction No.
3. This instruction is in substance the same as section 188.3 of
the Code, and its submission was not error.

Instructions 5 and 6 provide that all animals shall be re-
strained by the owner thereof from running at large, and where
trespassing on the premises of another are presumed to be run-
ning at large, unless they have entered the premises through
failure of the owner of the premises to maintain his portion of
the partition fence. The jury was instructed that the owner of
animals shall exercise reasonable and ordinary care in restrain-
ing them and the jury could consider the character and habits
of the animals and what measures defendant used to prevent
their escape.

Appellant complains that there is contradiction between in-
structions 3, 5 and 6 and paragraph 4 of Instruction No. 4.
Paragraph 4 states that one of the matters which plaintiffs must

prove to recover was that the bull entered the pasture of plaintiffs through the *negligence* or failure of defendant to restrain said bull from running at large.

There are some contradictions in these four instructions, but the contradictory matter is prejudicial to appellees rather than to appellant. Some of the language places a heavier burden of proof on appellees than provided by statute. Under these circumstances, the differences are not a basis for reversal. Hickey v. Freeman, 198 Iowa 465, 198 N.W. 769; Lange v. Bedell, 203 Iowa 1194, 212 N.W. 354; Tallmon v. Larson, 226 Iowa 564, 284 N.W. 367.

Hickey v. Freeman, supra, was an action for damages where a vicious buck trespassed on plaintiff's property and injured plaintiff. She sued both on the theory of common-law liability and liability by reason of the specific provisions of the statute. The court instructed both ways. Appellant alleged this was error. We said at page 472 of 198 Iowa, page 771 of 198 N.W.: "At any rate, the trial court instructed, and submitted the case to the jury, on the theory of liability under the statute, and * * * this was correct. It may be that plaintiff could have sued either way; but, if she bases her claim on the statute, she could not recover on her common-law right."

In Lange v. Bedell, supra, the instructions placed a greater burden on plaintiff than she should reasonably carry. Appellant urged this as a basis for reversal. We said at page 1201 of 203 Iowa, page 358 of 212 N.W.: "The instruction placed a much greater burden upon her than she was required to carry, under the allegations of the petition to recover. The prejudice resulting from the giving of this instruction was to appellee, rather than to appellant. The error, if any, does not present a ground for reversal."

The necessary elements required under section 188.3 were submitted by the trial court to the jury. No changes or contradictions as to such elements, prejudicial to appellant, appear in the instructions.

III. The quoted statutory sections are clear and unambiguous. When the meaning of a statute is clear we will not amend it by judicial edict, nor add words creating a new meaning. 82 C. J. S., Statutes, section 312; 50 Am. Jur., Statutes,

section 219; Jones v. Thompson, 240 Iowa 1024, 38 N.W.2d 672. Lorentzen v. Deere Mfg. Co., 245 Iowa 1317, 66 N.W.2d 499; Hindman v. Reaser, 246 Iowa 1375, 72 N.W.2d 559; Tucker v. Nason, 249 Iowa 496, 87 N.W.2d 547.

No principle of law has received more attention in decisions and legal treatises than the above principle, and brief citations and quotations are sufficient.

As a general statement 82 C. J. S., Statutes, supra (page 531), states: "The courts must confine themselves to the construction of the law as it is, and not attempt to construe statutes before they take effect, to supply defective legislation, or otherwise amend or change the law under the guise of construction."

In Jones v. Thompson, supra, appellants were contending for construction of legislative intent. We said at page 1036 of 240 Iowa, page 678 of 38 N.W.2d: "The only legitimate purpose of statutory construction * * * is to ascertain the legislative intent. And when the language of the statute is so clear, certain and free from ambiguity and obscurity that its meaning is evident from a mere reading, then the canons of statutory construction are unnecessary, because there is no need of construction * * *. We need not search beyond the wording of the statute."

IV. Appellees filed cross-appeal alleging the trial court erred in not allowing appellees interest on the judgment from July 1, 1953, to September 23, 1957, the date of the verdict. The question to be decided is whether or not appellees' claim was sufficiently definite prior to the verdict so that it could be considered a liquidated claim rather than an unliquidated claim. There is no question but what if the claim is definite and liquidated the court can either submit the interest question to the jury under an instruction, or the court can enter judgment for the interest after the verdict, on proper motion. Hollingsworth v. Des Moines & St. Louis Ry. Co., 63 Iowa 443, 19 N.W. 325; General Mills, Inc., v. Prall, 244 Iowa 218, 56 N.W.2d 596. Such motion was filed in this case by appellees and overruled by the court.

We have held in damage cases for personal injury that since the claim is unliquidated, interest shall only be computed from the date of the verdict and not the date of the tort. Jacobson v. United States Gypsum Co., 150 Iowa 330, 339, 130 N.W.

122, 124; Carter v. Marshall Oil Co., 185 Iowa 416, 170 N.W. 798.

In Jacobson v. United States Gypsum Co., supra, we said: "The general rule, however, that a personal injury never creates a debt, and does not become one until it is judicially ascertained and determined, has never been departed from by this court, and, if this be true, it was erroneous for the trial court to tell the jury to allow interest *eo nomine* upon the amount of damages awarded in a personal injury suit."

In the case at bar there was an element of uncertainty until the verdict of the jury settled the matter. Another bull owned by another neighbor by the name of Abbas had also been in the pasture in the summer of 1953. Until the case was submitted to the jury and the jury held it was the Jurgena bull rather than the Abbas bull which was responsible for the damage to appellees' cows, the claim was in the nature of an unliquidated claim.

On the basis of appellees' claim not being finally liquidated until the verdict of the jury, we sustain the ruling of the trial court concerning the question of interest.

V. Appellant's counsel complains that the rule of strict liability as to animals trespassing on the farm of a neighbor, lawfully fenced, is too harsh in agricultural Iowa. Counsel thinks of only these two farmers, whereas we have in Iowa a hundred thousand or more farms. If any change is in order it must be legislative, not judicial. We wonder if the criticism is well founded, when we encompass all farmers. Would it be logical to say appellees should build a ten-foot fence to restrain bulls from entering their pasture, rather than say appellant should take measures to restrain his bull? This would be the logical conclusion of appellant's argument, and projected to all farms we believe the legislature has found the better solution.

VI. No assignments of error were proffered in this appeal as to the question of identity of the bull nor as to amount of damages. By mutual agreement the record omitted any evidence as to these questions.

Since the case is affirmed as to appellant's appeal, and also affirmed as to appellees' cross-appeal, costs of this appeal shall be taxed one half to appellant and one half to appellees.

The judgment in favor of appellees is affirmed. The ruling of the trial court, as to cross-appeal, denying interest from July 1953 to date of verdict, is affirmed.—Affirmed.

GARFIELD, C. J., and BLISS, WENNERSTRUM, HAYS, THOMPSON, LARSON, and LINNAN, JJ., concur.

OLIVER, J., concurs except as to Division IV.