[L. A. No. 679.   Department Two.—September 13, 1900.]

JENNIE OBERLANDER, Appellant, v. FIXEN & CO., Respondent.

NEW TRIAL—NEWLY DISCOVERED EVIDENCE—EXTENSION OF TIME TO FILE AFFIDAVITS.—Under section 659, subdivision 1, of the Code of Civil Procedure, the court has power to extend the time for filing affidavits on motion for a new trial to more than thirty days beyond the statutory time. The limitation on the court's power of extending time in other classes of cases imposed by section 1054 of that code has no application to such a case.

ID.—CUMULATIVE EVIDENCE—APPEAL.—Under section 657 of the Code of Civil Procedure, a new trial asked for on the ground of newly discovered evidence should not be refused merely because the evidence is cumulative in a case where the cumulation is sufficiently strong to render a different result probable. Whether the evidence is or is not of this character is not a question of law, but is for the judgment of the trial judge, whose discretion will not be interfered with on appeal, except in cases of manifest abuse. This rule obtains on appeal, whether the motion for a new trial is granted or denied by the trial court.

ID.—DILIGENCE IN DISCOVERY.—The question whether the newly discovered evidence could with reasonable diligence have been discovered and produced at the trial is for the trial judge, and his determination will be regarded as conclusive on appeal unless it appears that his discretion has been abused.

APPEAL from an order of the Superior Court of Los Angeles County granting a new trial.   Lucien Shaw, Judge.

The facts are stated in the opinion of the court.

William J. Hunsaker, and Paul R. Frost, for Appellant.

I. H. Johnson, and John T. Jones, for Respondent.

THE COURT.—The appellant recovered judgment in the court below for damages (seventeen hundred and fifty dollars), resulting from her falling down a negligently constructed staircase leading from the defendant's storeroom, where she had just been employed by the defendant, to the basement. The court granted a new trial on the ground of newly discovered evidence; and the grounds urged for reversal are: 1. That the affidavits

were not served or filed in time; 2. Want of diligence on the part of defendant in preparation for trial; and 3. That the newly discovered evidence was merely cumulative.

The first point presents no difficulty. The time allowed the defendant for filing affidavits was extended by order of court, and the affidavits were in fact filed more than thirty days beyond the statutory time; but an extension beyond thirty days is forbidden by the section 1054 of the Code of Civil Procedure only with reference to the cases therein enumerated; among which the filing of affidavits on motion for new trial is not included, with reference to which the power of the court to extend is given by section 659, subdivision 1. The case of *Smith v. Jordan*, 122 Cal. 68, cited by appellant's counsel, bears no analogy to the case at bar; and the rule therein referred to—established in *Flagg v. Puterbaugh*, 98 Cal. 134—has no application.

The other points may be conveniently considered together. Under the provisions of section 657 of the Code of Civil Procedure the requisites for a new trial on the ground of newly discovered evidence are that the evidence could not, with reasonable diligence, have been discovered and produced at the trial, and that it shall be "material for the party making the application" (subdivision 4)—or, as previously expressed, shall be of a character "materially affecting the substantial rights of such party." The last requisite would seem to imply that the newly discovered evidence should be of such a character as to render a different result probable on a new trial; and accordingly such is held by the courts to be the established rule. (Hayne on New Trial and Appeal, 91.) Where these requisites occur they constitute sufficient grounds for new trial, and no others can be required.

Hence the rule, so often reiterated by the courts, that a new trial should not be granted where the evidence is merely cumulative, must be regarded (in this state) not as an independent rule, additional to those established by the provisions of section 657 of the code, but as a mere application of those rules, or, as it has been expressed, as "a corollary of the requirement that the newly discovered evidence must be such as to render a different result probable on a retrial of the case." (Hayne

on New Trial and Appeal, sec. 90, pp. 255, 256.) For (continuing the citation) "it is evident that new evidence, although cumulative, might be of so overwhelming a character as to render a different result certain" (or probable); and in such case under the express provisions of the code a new trial should be granted. The rule should therefore be construed as simply holding that cumulative evidence is insufficient "unless it is clear such evidence would change the result." (*Levitsky v. Johnson,* 35 Cal. 41.) Hence, "a new trial should not be refused merely because the evidence is cumulative in a case where the cumulation is sufficiently strong to render a different result probable." That this is the true statement of the rule is established in the case last cited, and in *Von Glahn v. Brennan,* 81 Cal. 264, and in *O'Rourke v. Vennekohl,* 104 Cal. 256—from which the above language is quoted; and it is so in effect held in *People v. Stanford,* 64 Cal. 27.

Whether the evidence is of this character is not a question of law but for the judgment of the trial judge, whose discretion will not be interfered with by this court except in cases of manifest abuse. Hence, where the motion is denied, the fact that the newly discovered evidence is merely cumulative will in general be a sufficient ground for affirmance; but where the motion is granted, the contrary will hold. For, in either case, it is for the trial judge to determine whether the evidence is of character probably to affect the result on a new trial; and unless the evidence be of such a character as to make it manifest and certain to this court that in the one case it would, or in the other that it would not, result differently on a retrial, the order will not be disturbed. The present case, we think, comes within the principles above laid down, and it will, therefore, in the view we take of the case, be unnecessary to determine whether the newly discovered evidence was in fact cumulative or otherwise.

Whether in this case the evidence could with reasonable diligence have been discovered and produced at the trial was also a question upon which the judgment of the court below must be regarded as conclusive, unless it appear that his discretion has been abused; and on this point we think the moving party made a sufficient case. (*Jones v. Singleton,* 45 Cal. 92.)

Counsel for appellant, on the construction they put on the affidavit of A. H. Fixen, make a very strong case, and could we agree in that construction our conclusion might be different; but our view of the terms of the affidavit is different. It reads: "I am the treasurer of the defendant corporation and as such had particular charge of arranging defendant's defense to this action subsequent to the trial of said cause, to wit, on or about the first day of June, 1896, and for some time thereafter, I have discovered evidence," etc. This is construed by the counsel as saying that affiant had charge of the defense "subsequent to the trial" only. But, obviously, this construction cannot be entertained, and we must construe the affidavit as though "subsequent" were written with a capital initial, and a period inserted after "action." (Bouvier's Law Dictionary, word "Punctuation.") Thus construed, the affidavit clearly states that the affiant had charge of the defense and shows that he used reasonable diligence in preparing for it. Nor does it appear that the newly discovered evidence was of a character "to put defendant upon inquiry." (*Heintz v. Cooper*, 104 Cal. 671.)

The order granting a new trial must therefore be affirmed, and it is so ordered.

Hearing in Bank denied.