## WILSON V. SEAMAN.

1. A contention that the evidence is insufficient to support the verdict on
   certain grounds will not be considered on appeal, where such grounds
   are not mentioned in the specifications of error.

2. It was not an abuse of discretion for a trial court to deny a motion
   for a new trial for newly-discovered evidence, authorized by Comp.
   Laws, § 5088, subd. 4, declaring that a new trial may be granted
   for newly discovered evidence, material to the party making the ap-
   plication, which he could not, with reasonable diligence, have dis-
   covered and produced at the trial, where the affidavit did not state
   any reason why defendant had not procured the evidence at the
   trial, and there was no showing of diligence to discover the evidence
   before the trial.

3. Where, in an action on a note, affidavits as to the prejudice of the ju-
   rors were produced on the part of defendant, and were met by affida-
   vits of the jurors themselves showing that there was no prejudice on
   their part, there was no error in denying a new trial on such ground.

(Opinion filed October 2, 1901.)

Appeal from circuit court, Sanborn county. HON. FRANK B.
SMITH, Judge.

Action by Christie A. Wilson against Frank F. Seaman, to
recover upon a promissory note. From a judgment in favor of the
plaintiff, defendant appeals. Affirmed.

*Coe I. Crawford,* for appellant.

*L. J. Martin* and *T. H. Null,* for respondent.

CORSON, J. This is an action to recover $207.20, the balance
alleged to be due plaintiff upon a promissory note executed by the

defendant. Verdict and judgment for the plaintiff, and the defendant appeals.

The appellant relies upon three grounds for a reversal of the judgment: (1) That the evidence is insufficient to sustain the verdict; (2) newly-discovered evidence; (3) that the verdict was the result of prejudice on the part of the jury against the defendant. The plaintiff in her complaint, alleges that the defendant, on or about the 1st day of November, 1896, made and delivered to her his certain promissory note in writing, and thereby promised to pay her the sum of $170.59 one year from date, with interest at the rate of 10 per cent. per annum; that the defendant has not paid said note, nor any part thereof, except the sum of $11.80, and that there is now due the plaintiff the sum of $207.20, and interest thereon from the commencement of the action; and further avers that the note was lost or mislaid, and that she did not then have it in her possession. The defendant admitted the execution and delivery of a note of Christie Wilson Rovery for the amount mentioned, payable in one year from its date, with interest at the rate of 10 per cent, per annum; and avers that on July 25, 1898, he paid $10 thereon; in December, 1898, he paid $1.80 and on January 10, 1899, he paid the sum of $170 and that he tendered the balance due before the commencement of the action. It appears from the evidence that the plaintiff was sometimes known as Christie A. Wilson, and sometimes as Christie Wilson Rovery. The appellant contends in support of his first point that the evidence fails to show when the note upon which plaintiff claims became due, and it fails to show what amount was due. It is insisted, on the part of the respondent, that in the specification of particulars in which the evidence is insufficient to support the verdict no such ground is stated, and that therefore the defendant is precluded from presenting any such ground in this court. In the specification of errors it is stated

that the evidence is insufficient to sustain the verdict in favor of the plaintiff, because it shows that the indebtedness which this action was brought to recover was paid before the commencement of the action; because the damages for which the jury returned a verdict against the defendant were excessive; and because the verdict is against the law and the instructions of the court. It will be noticed in this specification of error the ground now presented is not mentioned, and we are therefore inclined to agree with the respondent that the contention of the appellant cannot be considered. Again, the defendant admitted that he executed a note substantially as set out in the complaint, except that it was executed to Christie Wilson Rovery instead of Christie A. Wilson.

The granting or refusing of a new trial upon the ground of newly discovered evidence is largely in the discretion of the trial court, and, unless there has been a manifest abuse of such discretion, this court will not review the action of the trial court upon such motion. Section 5088, subd. 4, Comp. Laws, provides that a new trial may be granted for "newly discovered evidence, material to the party making the application, which he could not, with reasonable diligence, have discovered and produced at the trial." A new trial may be granted where the newly-discovered evidence is cumulative, if, in the opinion of the trial court, the evidence would probably produce a different result upon a new trial; but, unless such would probably be the result, a new trial should be denied. In the recent case of Oberlander v. Fixen & Co., 129 Cal. 690, 62 Pac. 254, the supreme court of California, in discussing their statute, which is substantially, if not identically, the same as ours, uses the following language: "It is evident that new evidence, although cumulative, might be of so overwhelming character as to render a different result certain or probable; and, in such case, under the express provisions of the

Code, a new trial should be granted. The rule should therefore be construed as simply holding that cumulative evidence is insufficient, 'unless it is clear such evidence would change the result.' " In the case at bar the defendant testified that in January, 1899, he paid the plaintiff upon the note $170. He was corroborated to some extent by a witness who claimed to have been present and saw defendant pay the plaintiff a sum of money, but how much he could not state. The newly discovered evidence was the evidence of a son of the defendant, a boy of 11 years of age, who stated, in affidavit made by him, that he was present, and saw the defendant pay the plaintiff some money, but how much he did not know. No reason is given why the defedant did not procure this evidence at the time of the trial, and there was no evidence of diligence on the part of the defendant to discover the evidence. In view of the fact that the boy was unable to state how much money his father had paid to the plaintiff, we cannot say that the court abused its discretion in denying the motion for a new trial upon the ground of newly discovered evidence.

The affidavits produced on the part of the defendant as to the prejudice of the jurors were met by the affidavits of the jurors themselves, showing that there was no prejudice on their part. We are of the opinion, therefore, that the court committed no error in denying a new trial upon this ground.

The case seems to have been fairly tried by the court, no exceptions having been taken to the admission of evidence or to the instructions of the court. The question was purely one of fact, as to whether or not the defendant had paid the plaintiff $170, as claimed by him. This payment was denied by the plaintiff. The jury, after weighing the evidence, evidently accepted the evidence of the plaintiff in regard to this payment as true, as against the evidence of the defendant.

After a careful examination of the case, we are unable to say that the trial court abused its discretion or committed error in denying a new trial, and the order denying the same, and the judgment appealed from, are affirmed.