## LUNSCHEN v. ULLOM.

A verdict upon conflicting evidence will not be disturbed upon appeal.

On the trial of an action for rent, defendant denied having entered into any contract with plaintiff, and, after verdict for defendant, plaintiff moved for a new trial on the ground of newly discovered evidence, which was that defendant had tried to lease the premises in question to the newly discovered witness; the effect being to impeach the defendant. **Held,** that there was no error in denying a new trial.

No request having been made, failure to instruct on a point cannot be assigned as error.

(Opinion filed, May 24, 1910.)

Appeal from Circuit Court, Moody County. Hon. JOSEPH W. JONES, Judge.

Action by R. Lunschen against J. B. Ullom. From a judgment for defendant and an order denying a new trial, plaintiff appeals. Affirmed.

*Coleman & Blewitt,* for appellant. *Rice & Benson,* for respondent.

SMITH, J. This is an appeal from the circuit court of Moody county. Plaintiff, who is appellant here, commenced an action to recover the sum of $150 alleged to be due him upon a lease for rental of 80 acres of land. The answer is a general denial, save as to plaintiff's ownership of the property, which is admitted. The record discloses that plaintiff is a resident of Tipton, Iowa, and that one C. F. Claussen, who resides in Moody county in the vicinity of the land in question, was the agent of the plaintiff, with authority to lease and look after the land in

question. A jury trial was had and a verdict returned for the defendant. Plaintiff presented to the trial court a motion for a new trial, alleging errors of law occurring at the trial and newly discovered evidence. The motion for a new trial being overruled, plaintiff brings the case to this court for review and presents in the record eight assignments of error. The first of these assignments is that the evidence is insufficient to support the verdict. We have carefully examined the entire record, and find the evidence of the plaintiff's witnesses and that of the defendant's witnesses directly in conflict as to the existence of the alleged verbal lease. It has been so many times held by this court that a verdict based upon conflicting evidence will not be disturbed upon appeal that a citation of the decisions of this court seems unnecessary. The first five assignments of error in the record relate to rulings as to the reception and rejection of evidence. A careful examination of the entire record covered by these assignments satisfies us that no prejudicial error appears. The eighth assignment is the order overruling plaintiff's motion for a new trial. The motion for a new trial was based upon the rulings upon evidence, which are disposed of above, and also upon the ground of newly discovered evidence presented to the trial court by certain affidavits, namely, an affidavit of the plaintiff, alleging that one G. C. Rosin was a material witness for the plaintiff, and was not living in the neighborhood at the time of the trial, and that knowledge of such witness and his testimony came to plaintiff and plaintiff's attorney after the trial of said cause and was not known to them before said trial. Also the affidavit of said Rosin, in which the newly discovered evidence is stated, to-wit: "That the said defendant, J. B. Ullom, tried to lease the east half of the northwest quarter of section 13, township 108, range 48, in Moody county, S. D., to this affiant, and that the west eighty of said quarter section was at that time leased to one Jake Fink." The defendant, Ullom, upon the witness stand, absolutely denied having entered into any contract of lease with the plaintiff, and the effect of this alleged newly discovered evidence would be to impeach the testimony of Ullom.

In the case of Wilson v. Seaman, 15 S. D. 103, 87 N. W. 577, this court holds: "The granting or refusing of a new trial upon the ground of newly discovered evidence is largely in the discretion of the trial court, and unless there has been a manifest abuse of such discretion, this court will not review the action of the trial court upon such motion. Section 5088, subd. 4, Comp. Laws, provides that a new trial may be granted for 'newly discovered evidence, material to the party making the application, which he could not, with reasonable diligence, have discovered and produced at the trial.' A new trial may be granted where the newly discovered evidence is cumulative, if, in the opinion of the trial court, the evidence would probably produce a different result upon a new trial; but, unless such would probably be the result, a new trial should be denied. In the recent case of Oberlander v. Fixen & Co., 129 Cal. 690, 62 Pac. 254, the Supreme Court of California, in discussing their statute, which is substantially, if not identically, the same as ours, uses the following language: 'It is evident that new evidence, although cumulative, might be of so overwhelming character as to render a different result certain or probable; and, in such case, under the express provisions of the Code, a new trial should be granted. The rule should therefore be construed as simply holding that cumulative evidence is insufficient, unless it is clear such evidence would change the result.' "

In Smith v. Insurance Co., 21 S. D. 433, 113 N. W. 94, it is said: "Except under unusual circumstances a new trial will not be granted on the ground of newly discovered evidence which goes only to discredit or impeach a witness. Scheffer v. Corson, 5 S. D. 233, 58 N. W. 555; Axiom Mining Co. v. White, 10 S. D. 198, 72 N. W. 462."

And in Ernster v. Christianson, 123 N. W. 711, this court said: "The evidence claimed to be newly discovered was simply cumulative, as the defendant himself had testified, and had been fully examined upon the issue presented, and it seems to be a well-settled rule that a new trial will not be granted on the ground of newly discovered evidence which is merely cumulative, and which

only tends to corroborate the testimony already given at the trial."

We are therefore of opinion that the trial court did not err in denying plaintiff's motion for a new trial. It is disclosed by the record that defendant had leased from the plaintiff, through his agent, Claussen, 160 acres of land, and had occupied and cultivated the same during the year preceding that for which the plaintiff claims to recover rent in this action. The plaintiff bases his claim in this action upon a new lease, covering only the east half of the same quarter section. It is also disclosed by the record that the dwelling house occupied by defendant under his former lease is situated upon the 80 acres alleged to be covered by the new lease, and that the defendant continued in the occupancy of the building upon this 80 acres of land for a period of about 70 days after the expiration of his former lease of the entire tract. Plaintiff seems to be under the impression that this occupancy of the leased' premises after the expiration of the former lease would operate as a renewal of the former lease. Plaintiff, however, does not base his right of recovery in this action upon the former lease, but upon the alleged new lease, covering only half of the premises embraced in the former lease, so that even were it held that the continued occupancy of the leased premises after the expiration of the former lease would operate in law as a renewal of that lease, yet the plaintiff could not recover in this action, for the reason that he does not base his action upon the former lease, but upon an entirely new and distinct lease alleged to have been subsequently entered into between the plaintiff and the defendant.

It is also alleged as error that the court failed to instruct the jury as to the legal effect of this continued occupancy of the premises under the former lease. As we have seen, such an issue was wholly immaterial to the plaintiff's rights in this action, and, even if it were material, no request for an instruction was made by the plaintiff upon the trial, and for that reason the failure of the court to instruct could not be assigned as error in this court. In the case of Garrigan v. Kennedy et al., 19 S. D. 11, 101 N. W.

1081, 117 Am. St. Rep. 927, this court held: "The objection that the court failed to charge the jury that the plaintiff could not. recover for any damages sustained by her by reason of the death of Garrigan, unless they were satisfied that his death was caused by intoxicating liquors furnished to him by the defendant Kennedy, is not available to the defendants, for the reason that they failed to request any such instruction. The omission of the court to instruct upon any given question or issue will not be regarded as reversible error, unless it has been requested to give the instructions it is claimed it has omitted. Dell Rapids Merc. Co. v. City of Dell Rapids, 11 S. D. 116, 75 N. W. 898, 74 Am. St. Rep. 783; Winn v. Sanborn, 10 S. D. 642, 75 N. W. 201; Frye v. Ferguson, 6 S. D. 392, 61 N. W. 161."

Finding no error in the record, the judgment and order of the trial court are affirmed.