[Civ. No. 1042.   Second Appellate District.—August 2, 1912.]

## J. W. JONES, Respondent, v. W. L. LEWIS, Appellant.

ASSAULT AND BATTERY—ACTION FOR DAMAGES—SUFFICIENCY OF COM-
PLAINT.—A complaint in an action to recover damages for an assault
and battery, which alleges that "defendant violently and maliciously
assaulted the plaintiff with a hammer, and striking plaintiff upon the
arm and upon the face with said hammer, bruising and wounding
plaintiff, and more particularly crushing in and fracturing the plain-
tiff's cheek-bone under and to the left of the plaintiff's left eye,"
sufficiently sets forth the assault, the means employed, and the char-
acter thereof, and contains facts constituting a cause of action in
ordinary language, and no error intervened in overruling a general
demurrer thereto.

ID.—ANSWER—ADMISSION OF ASSAULT—PLEA OF SELF-DEFENSE—SUP-
PORT OF FINDINGS AND JUDGMENT.—Where the answer admitted the
alleged assault and battery, but set forth a plea of self-defense,
which the court found against the defendant, and found for the
plaintiff, a resultant injury followed sufficient to justify the amount
of the judgment fixed by the court.

ID.—MOTION FOR NEW TRIAL—NEW EVIDENCE—LACK OF KNOWLEDGE OF
EXTENT OF INJURIES—DISCRETION NOT ABUSED.—Where the defend-
ant sought to introduce new evidence on a motion for a new trial, on
the alleged ground of a lack of knowledge of the extent of the plain-
tiff's injuries, and his inability to present evidence in relation thereto,
the court did not abuse its discretion in denying the motion on that
ground, as he had a knowledge of the extent of the injuries alleged,
and had full opportunity to defend against the same.

ID.—NEWLY DISCOVERED EVIDENCE AS GROUND FOR NEW TRIAL—PROVINCE
OF TRIAL COURT.—The matter of granting or refusing a new trial
upon the ground of newly discovered evidence is with the trial court,
and it is for that court to say whether or not the proffered evidence
is such as would affect the decision of the court if introduced.

APPEAL from a judgment of the Superior Court of Los
Angeles County, and from an order denying a new trial.   J. P.
Wood, Judge.

The facts are stated in the opinion of the court.

F. E. Davis, and Paul W. Schenck, for Appellant.

Goldberg & Meily, and Harry L. Dearing, for Respondent.

ALLEN, P. J.—The action was one for damages on account of an assault and battery. The complaint alleges that the ''defendant violently and maliciously assaulted the plaintiff with a hammer and striking plaintiff upon the arm and upon the face with said hammer, bruising and wounding plaintiff, and more particularly crushing in and fracturing the plaintiff's cheek-bone under and to the left of the plaintiff's left eye.'' The answer admitted the striking as alleged, but undertakes to justify the same upon the ground of self-defense. The case was tried by the court. It was found that on the date mentioned an altercation arose between plaintiff and defendant, during which defendant struck plaintiff, as alleged in the complaint; that the injuries are permanent in their character; that the act of striking plaintiff was not done in self-defense, or to protect defendant in person or property. Judgment was accordingly rendered in plaintiff's favor for $1,000, which was, by consent, at the hearing of the motion for a new trial, reduced to $750.

We see no merit in appellant's contention that the complaint was insufficient. The assault, the means employed and the character thereof are fully set forth. There is contained in the complaint a statement of facts constituting a cause of action in ordinary language (Code Civ. Proc., sec. 426), and no error intervened in the overruling of the general demurrer. Further, the assault was admitted by the answer. The justification claimed was by the court found not to exist. The assault being admitted and found by the court, a resultant injury followed sufficient to justify the amount of the judgment. The acts of defendant were willful, by reason of which he is responsible for the injury. (Civ. Code, sec. 1714.) The record discloses no assessment of damages on account of malice, and a compensatory amount is not affected by a failure to find malice. The findings of fact and conclusions of law are separately stated, and the criticism in that regard is unwarranted. We see no error in the action of the court refusing a continuance; the record establishes the propriety of such order. While the court announced its decision, or, more properly speaking, the impressions produced upon the mind of the court by the evidence, before an opportunity was afforded counsel for argument, nevertheless, when its attention was called to the fact by defendant's counsel, the court said that it had merely

indicated its conclusions, which were subject to change, if subsequent argument should suggest their impropriety, and offered to hear argument, but counsel for defendant refused to make any argument. No prejudicial error resulted from such conduct.

Appellant contends that the court erred in denying a new trial upon the ground of newly discovered evidence made to appear by affidavits in that regard. We see nothing in the affidavits which may be said to show newly discovered testimony. It is claimed therein that counsel for the defense had no knowledge of the extent of the injuries, and was, therefore, unable to present evidence in relation thereto, but an examination of the complaint shows that the defense was fully and completely apprised of the extent and character of the injuries complained of. The matter of granting a new trial upon the ground of newly discovered evidence is with the trial court, and it is for that court to say whether or not the proffered evidence is such as would affect the decision of the court if introduced. The court in this instance determined that it would not.

We see no error in the record, and the judgment and order are affirmed.

James, J., and Shaw, J., concurred.