[Civ. No. 1911. First Appellate District.—March 22, 1917.]

## MRS. ROSIE FIORI, Respondent, v. L. F. AGNEW et al., Appellants.

FALSE IMPRISONMENT—MISCONDUCT OF COUNSEL—IMPROPER REFERENCE TO FAILURE TO TESTIFY — VERDICT—LACK OF PREJUDICE.—In an action for false imprisonment instituted against certain members of a city police department, a remark made by plaintiff's counsel in his closing argument that the reason why two of the defendants did not appear and testify was because if they had so appeared the plaintiff would have picked them out as the officers who had called upon her to get hush money to permit her to pursue the illicit vocation of prostitution, was not prejudicial, where the arrest was illegal, and the action for twenty-five thousand dollars damages and the verdict for five hundred dollars.

ID.—NEW TRIAL — NEWLY DISCOVERED EVIDENCE — CUMULATIVE EVIDENCE—QUESTION FOR TRIAL COURT—APPEAL.—On a motion for a new trial upon the ground of newly discovered evidence, where the evidence proffered upon the motion is cumulative of evidence offered upon the same general subject during the trial, the determination of the question as to whether a new trial should be granted or refused upon that ground is peculiarly within the province of the trial court, and a clear abuse of discretion must be shown before the order of the trial court will be disturbed on appeal.

APPEAL from a judgment of the Superior Court of Alameda County. James G. Estep, Judge presiding.

The facts are stated in the opinion of the court.

James M. Koford, G. E. Jackson, and John J. Earle, for Appellants.

James P. Montgomery, for Respondent.

RICHARDS, J.—This is an appeal from a judgment in favor of plaintiff in an action for false imprisonment instituted by her against the defendants, who are members of the police department of the city of Oakland, and by whom the plaintiff alleges she was arrested and imprisoned without probable cause and without rightful authority of law. The

cause was tried before a jury, which returned a verdict in her favor for the sum of five hundred dollars and costs.

Upon this appeal the first and main contention of the appellants is that the counsel for plaintiff was guilty of prejudicial misconduct during his closing argument in the case. The particular act of misconduct for which appellants seek a reversal of the judgment arises out of the following facts: While a witness the plaintiff testified that shortly before her arrest two unidentified police officers of said city had called upon her with a proposition that upon payment of hush money she would be permitted to pursue the illicit vocation of a prostitute unmolested by the authorities, and that she had rejected their proposition. This episode not having been connected in any way with the defendants the plaintiff's testimony regarding it was upon motion stricken out. During the trial two of the defendants did not take the witness-stand; and in his closing argument to the jury counsel for plaintiff proceeded to comment upon their failure to do so, when the following occurred:

"Mr. Montgomery: 'Why were they not brought here, gentlemen of the jury, those other two officers'—

"A Juror: 'Why was that?'

"Mr. Montgomery: 'Because she would have picked out the man that made the demand for the money.' "

Counsel for defendants promptly objected to this remark of plaintiff's counsel, and assigned the same as error, and requested the court to instruct the jury to disregard the same. Some discussion followed, in which the court seemed inclined to allow the remark to stand, under the impression apparently that the testimony of plaintiff upon which it was predicated had not been stricken out; but upon being convinced to the contrary, the court admonished counsel for the plaintiff that he would have no right to comment upon it, and also proceeded to credit the jury with having good common sense to distinguish between evidence and argument, and to state that the jury were to understand that the remark of counsel was simply argument.

It may be conceded that the remark of counsel for plaintiff made in response to this question of a juror in the heat of the closing argument of a case in which throughout there had been considerable heat, was improper; and it may also be conceded that the remarks of the court in response to the objection, as-

signment, and request of counsel for the defendants were not
as strong in their admonition to the jury as the occasion re-
quired.    Still, the question that this court is to determine is
whether from an inspection of the entire record the objection-
able remark of counsel for plaintiff was sufficient to create in
the minds of the jury such a degree of passion and prejudice
as to cause their verdict to amount to a miscarriage of jus-
tice.    The demand of the plaintiff was for the sum of twenty-
five thousand dollars damages for an arrest made without com-
plaint or process, and which was therefore illegal, and as to
its succeeding imprisonment false, unless, as contended by the
appellants, the plaintiff was a vagrant, and thus subject to
arrest at any time without warrant.    As to this phase of the
case the evidence was conflicting; and the jury, as it was its
province to do, resolved the conflict in plaintiff's favor, and
yet only awarded her damages in the sum of five hundred dol-
lars.    We cannot say that this modest verdict was the result
of either passion or prejudice on the part of the jury amount-
ing to a miscarriage of justice, and hence cannot hold that the
objectionable remark of counsel for the plaintiff was suffi-
ciently prejudicial to justify a reversal of the case.

The next contention of the appellant relates to the alleged
error of the court in refusing to give certain instructions re-
quested by the defendants as to the preponderance of proof
required of the plaintiff in order that she should be entitled
to recover for injuries to her credit, reputation, and good
name.    An examination of the entire body of instructions
given by the court shows that these matters were fully covered
thereby, and hence that the court committed no error in its
refusal to give the said instructions of the defendants in the
particular form in which they were requested.

It is also contended by the appellants that the court erred
in refusing to give the instructions asked by them upon the
subject of vagrancy, and of the right of officers to arrest those
guilty of prostitution amounting to vagrancy at any time
without a warrant; but the record shows that the court modi-
fied the instructions requested by the defendants upon this
subject so as to correctly state the law, and gave to the jury
such modified instructions; and since, as we have seen, the
evidence upon the issue as to whether plaintiff was living in
a state of prostitution amounting to vagrancy at the time of
her arrest, or had reformed from her past conduct of life in

these respects, was conflicting, no error can be predicated upon the instructions of the court or finding of the jury upon that issue.

The other errors of law alleged to have been committed by the court in its rulings upon the admission of evidence are not sufficiently meritorious as to require separate comment.

The final contention of the appellants is that the court should have granted a new trial upon the ground of newly discovered evidence. The evidence proffered upon the motion for a new trial was cumulative of evidence offered upon the same general subject during the trial; the determination of the question as to whether a new trial should be granted or refused upon that ground is peculiarly within the province of the trial court; and the case as presented to this court must clearly show an abuse of discretion before the order of the trial court in either granting or refusing a new trial upon that ground will be reversed upon appeal. (*Cahill* v. *Stone,* 167 Cal. 126, [138 Pac. 712]; *People* v. *Selby S. & L. Co.,* 163 Cal. 84, [Ann. Cas. 1913E, 1267, 124 Pac. 692]; *Oberlander* v. *Fixen Co.,* 129 Cal. 692, [62 Pac. 254].)

No other grounds of error being urged, the judgment is affirmed.

Lennon, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 21, 1917. Melvin, J., dissented from the order denying a hearing in the supreme court.