[Civ. No. 2636. First Appellate District, Division One.—December 24, 1918.]

## HENRY KUCK, Respondent, v. E. W. McCONNELL, Appellant.

FRAUD—RESCISSION—FINDINGS UPON CONFLICTING EVIDENCE.—In an action to rescind a conveyance for fraud, where the records show conflicting evidence, the findings for the plaintiff will not be disturbed on appeal.

ID.—OFFER TO RESTORE CONSIDERATION.—An offer by the plaintiff in the language of the statute to restore "everything of value or otherwise" received from the defendant was sufficient.

ID.—DECREE, FORM OF.—It was not necessary that the court in its decree for the plaintiff should provide for the reimbursement of the defendant for his expenses in the upkeep of the property when the defendant introduced no evidence on that point.

TRIAL—DENIAL OF CONTINUANCE — STIPULATION AS TO TESTIMONY OF WITNESSES—DISCRETION OF TRIAL COURT.—The trial court did not abuse its discretion in denying a continuance asked for by defendant to enable him to meet the allegations of an amendment to the plaintiff's complaint, where the plaintiff stipulated at the trial that defendant's witnesses, if called, would testify as stated by counsel for defendant.

APPEAL from a judgment of the Superior Court of Alameda County. William H. Donahue, Judge. Affirmed.

The facts are stated in the opinion of the court.

Wise & O'Connor for Appellant.

Elliot Johnson for Respondent.

STURTEVANT, J., *pro tem.*—This is an appeal from a judgment for the plaintiff. The facts of the case are, in brief, as follows:

On February 17, 1915, the plaintiff and defendant entered into a written agreement by which the plaintiff was to convey to defendant certain real property situated in Glenn County, California, and defendant was to pay therefor the sum of five thousand dollars cash and one thousand five hundred shares of preferred stock and one thousand five hundred shares of common stock of Consolidated Concessions Company, a corporation. Pursuant to this agreement, on March 17, 1916, a deed was executed by plaintiff and defendant delivered to him the sum of five thousand dollars, and the stock provided for in the agreement. Later, the plaintiff attempted to rescind the contract because of certain alleged false representations alleged to have been made by defendant, and brought this action for the recovery of the consideration paid by him under the contract.

The trial court found that the contract was procured through fraud and misrepresentation and a decree was entered accordingly, directing a restoration of the consideration from each party to the other.

The appellant contends first that the findings with respect to the misrepresentations made by defendant to plaintiff are not supported by the evidence. The record shows conflicting evidence, but it discloses some evidence upon which the findings can reasonably be predicated, and under such circumstances this court may not inquire into the weight of the evidence.

Upon the question of whether the plaintiff relied and acted upon the false representations made to his agents, or whether he sought independent advice on these subjects, there is also conflict in the evidence, which conflict the trial court has resolved in favor of the plaintiff by its finding that he acted upon said false representations to his damage. This finding also may not be disturbed on appeal.

Appellant next contends that the trial court was guilty of an abuse of discretion in denying the motion for a continuance

to produce evidence to meet the allegations which plaintiff made by way of amendment to his complaint at the time of trial. The appellant has failed to include in the record a copy of the original complaint. The second amended complaint is before the court, but we are unable to determine whether the amendment raised new issues or not, without a copy of the original complaint for the purpose of comparison. But apart from this, we think this contention is without merit for the reason that the record discloses that the attorney for plaintiff stipulated at the trial that the defendant's witnesses, if called, would testify as stated by counsel for defendant. We think this stipulation was sufficient to warrant a denial of the continuance, and that defendant could not have been prejudiced by such ruling under the circumstances. The matter was within the discretion of the trial court, and the facts do not suggest an abuse of discretion.

Also, the trial court made findings of several distinct misrepresentations made by defendant to plaintiff, any one of which would have been sufficient to have supported the judgment, and some of which, it is admitted by defendant, were alleged in the complaint before the amendment complained of, and on account of which the continuance was requested. We therefore think, that upon an examination of the entire record, there can be no doubt that justice has been done between the parties.

The tender of restoration made by the plaintiff, in exercising his right of rescission of the contract, was made in the language of the statute. He offered to restore to the defendant "everything of value or otherwise" received from defendant, which offer was refused by defendant. The contention that the trial court should have provided in its decree that the plaintiff reimburse the defendant for any expenses to which he might have been put in the upkeep of the property, is also without merit. Defendant did not introduce any evidence that he had been put to any expense, and he has had the value of the use and occupation of a ranch valued at sixteen thousand dollars for more than three years. The value of the use and occupation of this property is probably greater than the expense of its upkeep, plus the interest on the five thousand dollars received by plaintiff; and if none of these items were taken into consideration by the trial court, this fact would seem to be in favor of the defendant. At any rate, if defend-

ant had any complaint upon this ground, he should have introduced evidence upon this point. In the absence of any information in the record concerning his expenditures, the decree is certainly an equitable one.

The judgment is affirmed.

Beasly, J., *pro tem.,* concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 20, 1919.

All the Justices concurred.