[Civ. No. 3173.   Second Appellate District, Division Two.—February 2, 1920.]

GIOVANNI FERRO, Appellant, v. JOHN LAGOMARSINO, Respondent.

[1] NEW TRIAL—NEWLY DISCOVERED EVIDENCE—PROVINCE OF TRIAL COURT—APPEAL.—The matter of granting a new trial upon the ground of newly discovered evidence is with the trial court, and it is for that court to say whether or not the proffered evidence is such as would affect the decision of the court if introduced..

[2] FINDINGS—CONFLICTING EVIDENCE—APPEAL.—Where there is direct conflict in the evidence as to the material issues involved and there is any evidence in support of the findings of the trial court, the appellate court will not interfere.

[3] EVIDENCE—JUDICIAL NOTICE—SIGNIFICANCE OF WORDS "TRIAL BALANCE."—Under subdivision 1 of section 1875 of the Code of Civil Procedure the court will take judicial notice of the true signifi-

---

3. Judicial notice of words and phrases, note, 11 A. L. R. 661.

cance of the words "trial balance," and, if need be, may resort for its aid to appropriate books or documents of reference. (On denial of rehearing.)

APPEAL from a judgment of the Superior Court of Ventura County. Merle J. Rogers, Judge. Affirmed.

The facts are stated in the opinion of the court.

Earl E. Moss for Appellant.

Orr & Gardner and Robert M. Clarke for Respondent.

THOMAS, J.—This is an action brought to recover the sum of nine thousand one hundred dollars, claimed by plaintiff for alleged misrepresentation as to the value of certain shares of stock in the Theatre Improvement Company, a corporation, such misrepresentation being alleged as follows: ". . . defendant stated and represented to plaintiff that the capital stock of the Theatre Improvement Company . . . was worth the sum of One Hundred Thirty ($130.00) Dollars, and of the market value of the sum of One Hundred Twenty-five ($125.00) Dollars per share, and that it was then earning and paying dividends at the rate of one-half per cent per month or six per cent per annum on the par value of One Hundred ($100.00) Dollars per share, and then and there delivered to plaintiff a certain statement which defendant stated and represented to plaintiff was a true and correct statement of the financial affairs of said Theatre Improvement Company, which said statement was in words and figures as follows, to wit:

" 'Trial Balance Theatre Imp. Co.
To August 1st, 1916, from May 1st, 1913.

| | | |
|---|---:|---:|
| To W. T. Wyatt Co. | 3,345.00 | |
| " Central Bank | 929.17 | |
| " Dividends | 12,572.50 | |
| " Expense | 12,531.05 | |
| " Real Estate & Improvements | 70,326.25 | |
| " Loss—Gain | 413.29 | |
| By Capital Stock | | 53,500.00 |
| " Surplus | | 14,105.10 |
| " Rents—Income | | 32,512.16 |
| | $100,117.26 | 100,117.26' |

"That plaintiff believed that all said statements and representations so made by defendant were true, and relying wholly on the truth thereof, on or about the 1st day of October, 1916, plaintiff purchased one hundred and forty (140) shares of the capital stock of said Theatre Improvement Company from defendant for the sum of Seventeen Thousand Five Hundred ($17,500.00) Dollars, and paid to defendant said sum of $17,500 by accepting the said . . . shares . . . from defendant as part of the purchase price of $67,500 paid by defendant to plaintiff for 587½ shares of the capital stock of the Del Norte Land Company, a corporation, sold to defendant by plaintiff."

Following this, by proper allegation, appears a statement that said Theatre Improvement Company stock was not worth the sum of $130 per share, and that it did not have said alleged market value, but that, on the contrary, the shares were not worth and did not have "a market value of more than sixty ($60.00) dollars per share, and that said Theatre Improvement Company was not then earning or paying dividends . . . at a rate greater than one-quarter per cent per month, or three per cent annum." Plaintiff further alleged that the "statement" referred to was false in certain particulars; and that all these alleged false statements were made with the intent and for the purpose of inducing plaintiff, and that he was so induced, to purchase the stock, with the intent and purpose to deceive and defraud him.

The issue of fraud is made by appropriate denials in the answer. The court found in favor of the defendant on the issues thus presented, and judgment was entered accordingly. There was a motion for a new trial, which was denied. The appeal is from the judgment.

Appellant urges that the findings are not supported by the evidence, and that the court erred in denying plaintiff's motion for a new trial. We shall discuss the latter proposition first.

The affidavits presented by plaintiff on the motion for new trial, and which were based on newly discovered evidence, are set forth in full in the record. As to whether the ruling of the court was error, we are confronted at the outset with two questions: (1) Was due diligence shown? and (2), if so, would the introduction of the testimony re-

vealed by these affidavits produce a different result on another trial? Without any further discussion, we are bound to decide that there is nothing contained in the record which will permit us to disturb the ruling of the learned trial judge. [1] The matter of granting a new trial upon the ground of newly discovered evidence is with the trial court, and it is for that court to say whether or not the proffered evidence is such as would affect the decision of the court if introduced. The court in this instance determined that it would not. (*Jones* v. *Lewis,* 19 Cal. App. 575, [126 Pac. 853]; *Mayne* v. *San Diego etc. Ry. Co.,* 179 Cal. 173, [175 Pac. 690]; *Cahill* v. *Stone Co.,* 167 Cal. 135, [138 Pac. 712]; *People* v. *Selby etc. Co.,* 163 Cal. 94, [Ann. Cas. 1913E, 1267, 124 Pac. 692]; *Oberlander* v. *Fixen & Co.,* 129 Cal. 690, [62 Pac. 254].)

As to whether or not the evidence supports the findings, we are not disposed to indulge in a lengthy discussion, which, even were it conceded that such might be enlightening and interesting, we are convinced would be without profit, save only to law-book publishers. [2] Suffice it to say that there is direct conflict in the evidence as to the material issues involved. In such case, if there be *any* evidence in support of the findings, this court will not interfere. (*Levey* v. *Henderson,* 177 Cal. 21, [169 Pac. 673]; *Kuck* v. *McConnell,* 39 Cal. App. 266, [178 Pac. 533].) In the case at bar we find evidence which amply supports the findings of the trial court.

No other point raised need be considered.

Judgment affirmed.

Finlayson, P. J., and Sloane, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 3, 1920, and the following opinion then rendered thereon:

THE COURT.—This application for a rehearing is nothing more nor less than a further argument on the same points urged by appellant in the main case—that of insufficiency of the evidence to support the findings. No new point is raised, nor has any point previously urged been made more clear or presented in a different light.

In the opinion heretofore handed down by this court it was said, in discussing the point as to whether the evidence supports the findings: "Suffice it to say that there is direct conflict in the evidence as to the material issues involved. In such case, if there be *any* evidence in support of the findings, this court will not interfere. . . . In the case at bar we find evidence which amply supports the findings of the trial court." We have not been convinced that such statement was or is erroneous. Indeed, the learned trial court resolved the conflict referred to in respondent's favor, and that decision is binding upon this court. Counsel has not called our attention to any law under which, when confronted with facts such as are found in the instant case, will authorize this court to set aside the findings of the trial court and in effect substitute others favorable to appellant.

As respondent puts it, "the vice of the appellant's position is that he selects a particular finding for attack, selects some evidence from the record, and then proceeds to argue at some length that this particular evidence does not sustain a particular finding or portion of a finding." That will not do. The evidence must be viewed as a whole.

One instance of that which we regard as a narrow and perverted conception of the evidence we cite from among the twenty-one "points" urged, viz.: " . . . a trial balance might very well be between the dates upon the top of the statement, which was the interpretation that appellant placed upon it, and the only interpretation that a person of the least intelligence could place upon such a remarkable document." Unfortunately for the author of the foregoing statement, the "trial balance" referred to shows nothing, except certain totals, as of the date August 1, 1916, there being no statement or item of any transaction appearing therein at or under any date from May 1, 1913, to and including August 1, 1916. In the same connection it is urged that "the court's finding that the statement was a 'trial balance,' without defining these words, means nothing." This appears to us rather remarkable, in view of the fact that certain facts of general notoriety may be assumed to be true. [3] Under subdivision 1 of section 1875 of the Code of Civil Procedure the court would take judicial notice of the true significance of the words "trial balance," and, if need be, may resort for its aid to appropriate books

or documents of reference. This fact is equally binding on all. We know of no law, and none has been called to our attention, which requires the court to define any such phrase. The "statement" referred to was certainly not a report of the corporation's financial condition. Under these conditions, to require the defining of such words by the court would be to exact the performance of an idle and unnecessary act. This the law does not do. (Civ. Code, Sec. 3532.)

The petition for rehearing is denied.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 1, 1920.

All the Justices, except Wilbur, J., concurred.