[Civ. No. 7432. Second Appellate District, Division One.—August 1, 1932.]

BYRON P. ANDREWS, Respondent, v. J. C. TINKLER, Appellant.

Hiram T. Kellogg for Appellant.

Carl B. Sturzenacker for Respondent.

TAPPAAN, J., *pro tem.*—This is an appeal from a judgment rendered in plaintiff's favor. The cause of action as alleged in plaintiff's complaint is one for damages arising from a certan collision had between automobiles driven by the respective parties to this action. The complaint alleges negligence on the part of defendant in the operation of his automobile as the cause of the damage. The answer of defendant is, in effect, a general denial of the allegations of the complaint, and also pleads by way of defense, contributory negligence upon the part of the plaintiff and that the damage was the result of unavoidable accident. The only questions presented here have to do with the allegations of negligence.

The facts as disclosed by the record, in brief, are as follows: Plaintiff was driving his car in a southerly direction upon a paved road or street while defendant with two passengers in his car was driving east upon another road that intersected the road upon which plaintiff was operating his car, at a right angle. The view of the respective drivers of the cars in question was unobstructed and they were able to see each other as they approached the intersection of the roadways for five hundred feet or more. One witness placed the distance as one thousand feet. Both drivers testified that they saw the other car approaching the intersection. The testimony on this point is that defendant saw plaintiff when he was three hundred feet from the intersection, while plaintiff testified that he saw defendant's car when it was five or six hundred feet from the same point. There is some conflict as to the speed at which the cars approached the intersection. Defendant testified his car was traveling at forty miles per hour, and that he reduced his speed to fifteen or twenty miles per hour at the time of the collision, and that plaintiff's speed was twenty-five or thirty miles per hour, while plaintiff's testimony is to the effect that defendant's speed was fifty miles per hour and that his (plaintiff's) speed at the time of the accident was twelve to fifteen miles per hour. The collision of the two cars took place at a point

at or near the south line of the roadway upon which defendant was driving and near the center line of the street upon which plaintiff was operating his car. That is to say, that plaintiff had crossed or nearly crossed, from the north, when defendant coming from the west collided with him. Defendant and his witnesses testified that the cars entered the intersection at about the same time while plaintiff testified that some thirty or forty feet before he entered the intersection defendant's car was three hundred feet from the intersection and that he watched it as he entered the intersection and as he crossed it. "I had plenty of time, in my opinion, to cross safely. Q. You were satisfied then you were there first, and so you kept going, is that right? A. Yes." Plaintiff's car was overturned by the impact of the collision and came to rest against the pumps of a filling station some twenty-five feet southeast of the intersection. Defendant's car appears to have traveled but a short distance after the accident.

Appellant's first specification of error is that there is no evidence that he was operating his car in a careless, negligent and unlawful manner at the time of the collision with plaintiff's car. In support of this contention appellant cites section 131 of the California Vehicle Act (Stats. 1925, p. 412), which at the time of the accident read in part as follows: "(a) When two vehicles approach an intersection of public highways at approximately the same time, the vehicle approaching from the right shall have the right of way, provided such vehicle is traveling at a lawful speed." Appellant states his position to be that he approached the intersection at approximately the same time that plaintiff did and that he was traveling at a lawful speed. To make use of appellant's own language: "Hence we contend . . . that the plaintiff has failed to show by a fair preponderance of the evidence that the defendant did not fulfill the duty required of him to avoid the collision when he saw that the plaintiff did not intend to yield the right of way." The question presented to the trial court for determination was clearly one of fact and there was evidence of a substantial nature to support the finding made by the court that appellant was negligent. The evidence viewed in a light most favorable to appellant, at best, presents but a conflict in the evidence. "The record shows conflicting evidence, but it discloses some evidence upon which the findings can reasonably be predi-

cated, and under such circumstances this court may not inquire into the weight of the evidence." (*Kuck* v. *McConnell*, 39 Cal. App. 266, 267 [178 Pac. 533, 534].)

Appellant next contends that respondent was guilty of contributory negligence as a *matter of law*. The trial court made a finding negativing this contention and appellant's position is that this finding of fact is not sustained by the evidence. In the case of *White* v. *Davis*, 103 Cal. App. 531, 540 [284 Pac. 1086, 1090], the court says: "Contributory negligence 'is a question of law only when the evidence is of such a character that it will support no other legitimate inference than that in one case the plaintiff was guilty of contributory negligence. . . . When the evidence is such that the court is impelled to say that it is not in conflict on the facts, and that from those facts reasonable men can draw but one inference, and that an inference pointing unerringly to the negligence of the plaintiff contributing to his own injury, then and only then, does the law step in and forbid plaintiff a recovery. . . . Even where the facts are undisputed, if reasonable minds might draw different conclusions upon the question of negligence, the question is one of fact for the jury.' " From an examination of the record presented here it appears that there was evidence of substantial and satisfactory nature to support the finding as made by the trial court, and as has been said heretofore, the evidence presents, at best, but a conflict. "Reasonable minds might draw different conclusions upon the question of negligence" and the question being one of fact, and having been decided by the trial court, may not be questioned upon appeal.

The judgment appealed from is affirmed.

Houser, Acting P. J., and York, J., concurred.