[Civ. No. 19425. Second Dist., Div. Two. June 16, 1953.]

JERRY C. CARLSON, Appellant, v. DAVID CALHOUN, Respondent.

Louis Warren for Appellant.

Nathan O. Freedman and Henry J. Merdink for Respondent.

McCOMB, J.—From a judgment in favor of defendant after trial before the court without a jury in an action to recover for moneys loaned by plaintiff to defendant, plaintiff appeals.

*Facts:* The evidence disclosed that during the years 1948, 1949 and 1950, plaintiff loaned various sums of money to defendant and that on March 10, 1950, plaintiff executed a

bill of sale in favor of defendant covering certain personal property. The bill of sale was likewise signed by defendant. This instrument contained, among others, the following provision:

"It is farther agreed by me the seller Jerry C. Carlson that upon this date March 10th, 1950 that by buying this furniture I, Jerry C. Carlson release the Buyer David G. Calhoun of all OBLIGATION's or INDEBTEDNESS both Real or otherwise from the begaining of time until the end of the world. That from this day on there is No INDEBTEDNESS MORAL - FINANCIAL or OTHERWISE between us whats so ever."

The trial court found: "It is true that on or about March 10th, 1950 there was a full settlement of all accounts, obligations and indebtedness between the parties hereto, including the promissory note of defendant and cross-complainant to plaintiff and cross-defendant in the principal sum of Three Thousand Five Hundred Thirty & 25/100 Dollars ($3,530.25), dated April 26th, 1948, and, for valuable consideration, plaintiff, in writing, released defendant from all obligations and indebtedness of every nature between them."

This is the sole question necessary for us to determine: *Was there substantial evidence to sustain the trial court's finding, quoted supra, that plaintiff had released defendant from all obligations and indebtedness between them?*

*Yes.* The bill of sale, of which the release set forth above was a part, was attached to defendant's answer and made a part thereof. Plaintiff failed within 10 days after receiving a copy of the answer to file an affidavit denying its genuineness and due execution. As a result the same were admitted by plaintiff. (Code Civ. Proc., § 448*; *Miller* v. *McLaglen*, 82 Cal.App.2d 219, 224 [186 P.2d 48].) There was no evidence offered or received which tended to prove fraud in obtaining the execution of the instrument. Therefore, such instrument constituted substantial evidence to sustain the trial court's finding. No useful purpose would be served by setting forth additional evidence in support thereof. (*Thatch* v. *Livingston*, 13 Cal.App.2d 202, 203 [56 P.2d 549].)

---

*Section 448 of the Code of Civil Procedure reads:
"When the defense to an action is founded upon a written instrument, and a copy thereof is contained in the answer, or is annexed thereto, the genuineness and due execution of such instrument are deemed admitted, unless the plaintiff file with the clerk, within ten (10) days after receiving a copy of the answer, an affidavit denying the same, and serve a copy thereof on the defendant."

In view of the fact that plaintiff released defendant from all obligations it is immaterial whether there is any evidence to. sustain the trial court's finding that "such loans as were made were repaid in full," for in any event whether the loans were repaid or not plaintiff had released defendant from any liability therefor. It is axiomatic that evidence from which contrary conclusions or inferences could be drawn must be disregarded by a reviewing court. (*Crawford* v. *Southern Pac. Co.*, 3 Cal.2d 427, 429 [45 P.2d 183] ; *Ferro* v. *Lagomarsino*, 45 Cal.App. 741, 744 [188 P. 626].)

Affirmed.

Moore, P. J., and Fox, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 13, 1953.