This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions.  Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

  Plaintiff-Appellee,

v.             **No. 30,422**

**CARLOS CROCKET,**

  Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Ross C. Sanchez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Santa Fe, NM
Linda Yen, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

Defendant appeals from a district court judgment affirming Defendant's metropolitan court conviction for aggravated driving while intoxicate (DWI). We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. After due consideration, we affirm Defendant's conviction.

Defendant continues to argue that the evidence was insufficient to support his metropolitan court conviction [RP 12-15] for aggravated DWI. [DS 6] A sufficiency of the evidence review involves a two-step process. Initially, the evidence is viewed in the light most favorable to the verdict. Then the appellate court must make a legal determination of "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 118 N.M. 762, 766, 887 P.2d 756, 760 (1994) (internal quotation marks and citation omitted).

In order to support the aggravated DWI conviction, the evidence had to show that Defendant drove a vehicle while having "an alcohol concentration of sixteen one hundredths or more in [his] blood or breath within three hours of driving the vehicle and the alcohol concentration results from alcohol consumed before or while driving the vehicle[.]" NMSA 1978, § 66-8-102(D)(1) (2007) (amended 2008 and 2010). In this case, Defendant stipulated that the blood-test result was .19 grams per hundred

milliliters of blood. [MIO 5-6] Defendant's primary challenge continues to rely on the conflicting evidence with respect to the identity of the driver. James Chyz testified that on the morning of February 17, 2006, at approximately 4:45 a.m., he was going through a green light when another vehicle came through the intersection, hitting his vehicle. [MIO 1] Chyz identified Defendant as the driver on the date of the incident, and he also made an in-court identification of Defendant as the driver. [MIO 1] Chyz testified that he was certain of this identification, and he also noted that he remembered identifying Defendant as the driver when the two were being treated at the hospital. [MIO 3] Chyz was asked by the metropolitan court judge if his testimony was that Defendant was the driver, and Chyz stated that he believed it was him. [MIO 3] Officer Griego also testified that Chyz had identified Defendant as the driver at the scene. [MIO 4] The officer stated that, based on his experience, he deduced that Defendant was the driver. [MIO 5] Based on this testimony, the metropolitan court judge, sitting as factfinder could reasonably conclude that Defendant was driving the vehicle. Although Defendant continues to challenge the credibility of this testimony, including suggestions that the injured passenger was the individual seen at the hospital, and Chyz's belief that the driver was hispanic, we note that issues of credibility and conflicts in evidence are for the factfinder to resolve. *See State v. Riggs*, 114 N.M. 358, 362-63, 838 P.2d 975, 979-80 (1992) (responding

to the defendant's argument that a witness was not credible by stating "[t]he jury, and not this [C]ourt, however, resolves questions of credibility and the weight to be given to testimony"). The factfinder was also free to reject Defendant's testimony that he was not the driver. [MIO 7] *See State v. Sutphin*, 107 N.M. 126, 131, 753 P.2d 1314, 1319 (1988).

For the reasons stated in this opinion, we affirm.

**IT IS SO ORDERED.**


_____

**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**


_____
**CYNTHIA A. FRY, Chief Judge**


_____
**JAMES J. WECHSLER, Judge**